# AUDREY EUTRELLE WHITLEY et ux. v. LINDA VERNE REEVES et al.—281 S. W. (2d) 411.

Middle Section. April 1, 1955.

Petition to Rehear denied April 29, 1955.

Petition for Certiorari denied by Supreme Court, August 2, 1955.

H. Sanders Anglea, and Jordan Stokes, III, both of Nashville, for appellants.

Bess Blake, of Nashville, for appellees.

FELTS, J. In this case Mr. and Mrs. A. E. Whitley filed petition in the Chancery Court, seeking to adopt Linda Verne Reeves, an infant two years old, who had been surrendered by her natural mother to, and was a ward of, the Department of Public Welfare of the State of Tennessee. The Commissioner of that Department, J. O. McMahan, was joined as a defendant.

This was the second petition by Mr. and Mrs. Whitley to adopt this child. She had been placed with them in

June 1950, under a contract by which they were to be paid $35 per month and were to keep her on a foster-home-care basis, subject to the Department's right to remove her when it saw fit. In December 1950, it undertook to remove her for adoption. But Mr. and Mrs. Whitley had become very much attached to her and refused to give her up.

In February 1951, they brought a petition in the County Court to adopt her. Defendant Commissioner filed an answer raising two issues: (1) whether they were fit persons to adopt her, and (2) whether her welfare would be promoted by their adoption of her. After hearing proof and a trial on the merits, the County Court found these issues against petitioners and dismissed their petition.

Upon their appeal this Court, in an opinion by Judge Hickerson, filed June 27, 1952, unreported, affirmed the County Court judgment in all things, and later denied a petition to rehear. A petition by Mr. and Mrs. Whitley for certiorari was denied by the Supreme Court on October 10, 1952.

On October 13, 1952, they filed the present petition in the Chancery Court, as above stated. On October 16, 1952, they filed a supplemental petition to enjoin the enforcement of the County Court judgment, which had ordered them to deliver the child to defendant Commissioner McMahan. A temporary stay was granted, and later an injunction issued, preserving the status quo pending a hearing upon the petition.

Defendant McMahan pleaded the former judgment as *res judicata* and a bar to the petition, and exhibited a copy of the record in the former cause. His plea was overruled, with the right reserved to him to rely thereon in his an-

swer. He filed an answer setting up the same defense. He later amended his answer so as to plead the contract with petitioners as an estoppel upon them to prosecute this petition.

The cause was heard before the Chancellor upon the pleadings and exhibits thereto. He filed an opinion sustaining the plea of *res judicata* and the plea of estoppel based on the contract. He, accordingly, entered a decree dismissing the petition. Petitioners appealed to this Court, and the Chancellor entered an order allowing the child to remain with them pending the appeal.

■ We think the Chancellor properly held that the judgment in the former suit was *res judicata* and a bar to this suit. In both suits, the cause was the same and the parties were the same. Also the issues were the same, viz.: (1) whether petitioners were fit persons to adopt the child, and (2) whether her welfare would be promoted by their adoption of her. The determination of these issues against petitioners in that suit was conclusive in this suit.

■ The principle of *res judicata* is of universal application. It is that a matter once litigated and determined in a court of competent jurisdiction shall not again be drawn in question between the same parties or their privies. 2 Freeman on Judgments (5th Ed.), secs. 626, 627; Jordan v. Johns, 168 Tenn. 525, 534-537, 79 S. W. (2d) 798; Cantrell v. Burnett & Henderson Co., 187 Tenn. 552, 556-557, 216 S. W. (2d) 307.

Otherwise stated, "if a judgment necessarily determines a particular fact, that determination is conclusive, and requires the same fact to be determined in the same way in all subsequent actions between the same parties". Memphis City Bank v. Smith, 110 Tenn. 337, 362, 75 S. W.

1065, 1071. Beare v. Burnett, 162 Tenn. 610, 613, 39 S. W. (2d) 737.

Petitioners insist, however, that the rule of *res judicata* should not apply in this case, because the present petition was filed under a different law from the law under which the former judgment was rendered; that is, the proceeding was brought in the County Court under Chapter 127 of the Public Acts of 1949, the statute then in force, while the present petition was filed in the Chancery Court under Chapter 202 of the Public Acts of 1951, which repealed the 1949 Act.

■ But the proceeding pending in the County Court was not affected by the passage of the 1951 Act. That Act expressly provided that pending proceedings should not be affected but should be "completed in accordance with provisions of the statutes in effect at the time such proceedings were instituted". Sec. 34, Ch. 202, Acts 1951. So the County Court still retained jurisdiction and its determination was valid and in all respects binding as *res judicata* in the later proceeding.

Petitioners contend that in adoption cases, as in custody cases, the supreme rule, to which all others shall yield, is the best interest and welfare of the child; that the rights and interests and welfare of a minor child cannot be the subject of *res judicata;* and that, therefore, the principle of *res judicata* is not applicable at all to this case.

■ It is well settled, however, that the rule of *res judicata* applies with as much force to final decrees disposing of the custody of children as it does to other sorts of decrees; and that such a decree is conclusive upon the facts then existing, and cannot later be disturbed, in the absence of proof of a change of circumstances requiring

a change of the custody for the welfare of the child. Hicks v. Hicks, 26 Tenn. App. 641, 647-651, 176 S. W. (2d) 371; Holloway v. Bradley, 190 Tenn. 565, 570, 230 S. W. (2d) 1003.

The welfare of the child is the paramount and controlling consideration in adoption cases as well as in custody cases, State ex rel. "A" v. "A" Licensed or Chartered Child-Placing Agency, 194 Tenn. 400, 250 S. W. (2d) 776; and the principle of *res judicata* applies alike in both sorts of cases. Young v. Smith, 193 Tenn. 480, 485, 246 S. W. (2d) 93, 95.

Otherwise, there could be no certainty or security in an adoption. If a decree is such a case had no finality or force as an adjudication, and if the parties could relitigate the matter as often as they chose, great would be the mischief to the child, the litigants, the courts and the public; and any trial would be but an idle ceremony, since it could settle nothing.

"This rule [*res judicata*] is not alone for the benefit of the parties litigant, to put an end to strife and contention between them, and produce certainty as to individual rights, but it is also intended to give dignity and respect to judicial proceedings, and relieve society from the expense and annoyance of interminable litigation about the same matter." Caruthers, J., Warwick v. Underwood, 40 Tenn. 238, 241.

Petitioners assert that the Chancellor erred in sustaining the plea of *res judicata,* because "of the changed conditions since the hearing in the former case, particularly in that the child has been with and under the care of petitioners for an additional eighteen months, and now more than ever considers petitioners as her father and mother"

The petition did not set forth any change in petitioners' circumstances, or any change in the child's condition, between the end of the former suit and the beginning of the present one. As we have seen, only three days elapsed between the two events. If there had been any change calling for a different conclusion upon the two issues of petitioners' fitness and of the child's welfare, doubtless such change would have been averred in the petition.

For these reasons, we think the former decree was final and binding as *res judicata* and a bar to the present petition. This conclusion renders it unnecessary for us to consider the question whether petitioners' contract with the Department estopped them from seeking to adopt the child.

The decree of the Chancellor is affirmed, and the costs of the appeal are adjudged against petitioners and the sureties on their appeal bond. The cause will be remanded to the Chancery Court for further proceedings not inconsistent with this opinion.

Howell and Hickerson, JJ., concur.