NATIONAL CORDOVA CORPORATION, Plaintiff in Error,

*v.*

CITY OF MEMPHIS and the Commissioners of the Memphis Light, Gas and Water Division, Defendants in Error.

380 S.W.2d 793.

(*Jackson*, April Term, 1964.)

Opinion filed June 4, 1964.

Petition for Rehearing Denied July 15, 1964.

W. Wright Mitchell, Memphis, for plaintiff in error.

Leo Bearman, Sr., Leo Bearman, Jr., Charles Crabtree and William Sands, Memphis, for defendants in error.

Mr. Justice White delivered the opinion of the Court.

Upon the filing of the summons and the service of process in due course, the plaintiff in error filed a declaration. The defendants filed a plea in abatement and the plaintiff filed a demurrer thereto. The plea in abatement was sustained and the suit dismissed. From this final dismissal an appeal in error has been prosecuted to this Court.

The facts as disclosed by the pleadings are that on October 29, 1957 a fire and explosion occurred at a munitions warehouse in Shelby County belonging to National Cordova Corporation. Certain equipment inside the building was destroyed and it was owned by National Fireworks Ordnance Corporation. National Fireworks Ordnance Corporation, as nominal plaintiff, for the use and benefit of several fire insurance companies who were subrogated to that corporation's right of action by virtue of paying the fire loss on the equipment, brought suit sounding in tort in the United States District Court for the Western District of Tennessee against the City of Memphis and the Commissioners of the Memphis Light, Gas & Water Division, alleging that the negligence of those defendants caused the fire and resulting property damage.

These same insurance companies are the real parties in interest in the instant case although they sue in the name of National Cordova Corporation as the nominal plaintiff.

On October 19, 1961 the jury trying the cause brought in the Federal District Court found in favor of all of said defendants. The defendants here are the same as those in the Federal Court. The fire causing the damages sued for there and here was the same fire described in the declaration in this case.

The declaration in the case now under consideration sets out that said fire and explosion did occur on October 29, 1957, resulting in the loss aforesaid, all through the negligence of the defendants. An amendment to said declaration was permitted, but it is not necessary to consider it further except to say that the addendum clause was raised from the sum of $26,550.00 to the sum of $44,550.00.

The plea in abatement says that the defendants should not be required to answer further or respond in damages because suit was filed against these defendants by the same parties, by the true plaintiffs as a matter of law, in the Federal District Court as aforesaid, for the same cause of action now stated in the declaration filed in this case. Certified copies of the pleadings were made a part of the record.

The defendants averred that

"* * * the same real parties in interest in the case of action tried in the United States District Court, that is, the insurance companies named in plaintiff's Declaration, are the very same real plaintiffs that are bringing suit in the cause above styled.

"* * * your defendants aver that the nominal plaintiff in this cause of action, that is, the National Cordova Corporation, is a wholly owned subsidiary of the National Fireworks Ordnance Corporation, which was the nominal plaintiff in the suit brought in the United States District Court. Your defendants aver that the two corporations named have the same directorship and the same officers, and that the National Fireworks Ordnance Corporation, the complainant in the suit in the United States District Court, is in control of the

litigation filed in the Circuit Court in this cause. Your defendants aver that the nominal plaintiff in this cause is in privity with the nominal plaintiff in the cause of action in the United States District Court, and are, for all practical purposes, the very same entities. Your defendants further aver that the real parties in interest herein are in this suit attempting to recover a portion of the loss incurred by them under the identical insurance policies for which these plaintiffs have already sought recovery of another portion of the very same loss in the above mentioned action in the United States District Court. Your defendants aver that because of such action on the part of the plaintiffs, the plaintiffs have split their cause of action, and by proceeding in the United States District Court first, the plaintiffs have waived this portion of the loss not sued for therein and are judicially estopped by the verdict and final judgment for the defendants in said cause in the United States District Court.''

Finally, the defendants averred that:

''* * * the plaintiffs in the United States District Court action are the same plaintiffs or are in privity with the very same plaintiffs who are engaged in this cause of action, and that as a result of the judgment in favor of your defendants in the United States District Court, the plaintiffs in this cause of action are judicially and collaterally estopped from bringing their suit in this Court.''

The plaintiffs joined issue by filing a demurrer to the plea in abatement in which they state:

1. That taking into consideration the facts set forth by the defendants in their plea in abatement that such

constitutes no defense to the action herein complained of.

2. That the defendants through their pleas seek to establish that the plaintiff is attempting to split a cause of action, but it is manifest in the pleadings that such is not the case.

3. The defendants by their pleadings state that the cause of action has already been decided and plead res adjudicata, but such is not applicable to facts of the matter involved as manifest by the pleadings.

Counsel for all parties entered into a stipulation in which they agreed that all of the claims sued on herein by any and all of the plaintiffs herein, including especially the claim for lost rent, are in fact owned, by subrogation, by the various insurance companies named as party plaintiffs herein; and that said insurance companies who were likewise party plaintiffs in the action in the District Court styled *National Fireworks Ordnance Corporation, et al v. City of Memphis, et al.,* No. 4054 Civil Docket, copies of the pertinent pleadings and records of said suit being attached to and made a part of the plea in abatement of the defendants herein, were and are the owners of all claims sued for in that court.

■ The defendants plead *res judicata* as a bar to the present suit. *Res judicata* may be successfully pleaded when a judgment on the merits exhausts or extinguishes the cause of action on which it was based, and is an absolute bar to a subsequent suit between the same parties upon the same cause of action, and concludes such parties and their privies not only as to all matters that were actually put in issue and determined, but also as to all matters which might have been put in issue and deter-

mined. *Jordan v. Johns,* 168 Tenn. 525, 79 S.W.2d 798 (1935); *Webb v. Schultz,* 31 Tenn.App. 587, 218 S.W.2d 758 (1948); *Whitley v. Reeves,* 39 Tenn.App. 169, 281 S.W.2d 411 (1955).

In the case of *Jordan v. Johns,* supra, it was held:

"The rule of *res adjudicata* is based on the principle not only that the same parties, in the same capacities, should not be required to litigate anew a matter which might have been determined and settled in a former litigation, but on the higher ground, that public policy dictates that litigation should be determined with reasonable expedition, and not protracted through inattention and lack of diligence on the part of litigants or their counsel." 168 Tenn. at 536-537, 79 S.W.2d at 802.

The insurance carriers who paid damages for losses growing out of the aforesaid fire and explosion commenced an action through a named assured for and on their behalf in the Federal District Court, where they were unsuccessful before a jury.

By stipulation of the parties all

"* * * claims sued on herein by any and all of the plaintiffs herein, including especially the claim for lost rent, are in fact owned, by subrogation, by the various insurance companies named as party plaintiffs herein; and that said insurance companies who were likewise party plaintiffs in the action in the District Court of the United States styled *National Fireworks Ordinance Corporation et al. v. City of Memphis et al.,* No. 4054, Civil Docket."

T.C.A. sec. 20-101 provides that in all suits prosecuted in the name of one person for the use of another, the

person whose use the suit is brought shall be held to be the real plaintiff of record. Rule 17(a), Federal Rules of Civil Procedure is to the same effect.

■ ■ In several cases it has been held that the real party in interest has control of the litigation, is liable for the costs, and is entitled to collect the judgment obtained. The use of the name of the nominal plaintiff is a mere matter of form. *Johnson v. Irby*, 27 Tenn. 654 (1848); *Pritchard v. Johnson-Toby Const. Co.*, 155 Tenn. 571, 296 S.W. 17 (1927). In other words, the party being officially interested in a cause of action is the real plaintiff and has a right to use a named person in whom the legal interest is invested to recover the debt or damages sued for.

■ There was only one fire which occurred at one place and resulted in losses to several insurance companies. Immediately upon the payment of such losses, such companies were subrogated to the rights of their insureds through whom they could bring a suit to recover the losses paid by them. They, and not the insureds became the real plaintiffs in interest and of record, both under federal law and under Tennessee law, Rule 17(a), Federal Rules of Civil Procedure and T.C.A. sec. 20-101. Therefore, if these companies desired to prosecute their claims under subrogation they should have done so in one action.

■ Counsel for plaintiffs in error contend that they could not have sued for National Cordova Corporation's damages in the original suit in Federal Court because of lack of diversity of citizenship, National Cordova being a Tennessee corporation.

■ ■ This contention is without merit, because Rule 17(a), Federal Rules of Civil Procedure says "Every

action shall be prosecuted in the name of the real party in interest'', and under federal law the law of Tennessee determines who is the real party in interest, and as set forth supra T.C.A. sec. 20-101 makes the subrogee the real party in interest. Therefore, if the insurance companies had sued in their names as the real parties in interest on all of the aforesaid claims, there would have been diversity of citizenship and the suit could have been maintained. The result of this is that the insurance companies split their cause of action by failing to sue for their entire loss resulting from this one tort.

■ If a plaintiff fails to sue for the entire damages done him by tort, a second action for the damages omitted will be precluded by the judgment in the first suit brought and tried. *Railroad v. Brigman,* 95 Tenn. 624, 32 S.W. 762 (1895); Freeman on Judgments, Sec. 241; *Carraway v. Burton,* 23 Tenn. 108 (1843).

In the case of *Johnston v. Southern Ry. Co.,* 155 Tenn. 639, 643, 299 S.W. 785, 786, 55 A.L.R. 932 (1927), the authorities are reviewed:

"In *C., N. O. & T. P. R. Co. v. Roddy,* 132 Tenn. 568, 179 S.W. 143, L.R.A. 1916E, 974, the court quoted approvingly from Freeman on Judgments, as follows:

" 'A single tort can be the foundation for but one claim for damages. * * * All damages which can by any possibility result from a single tort form an indivisible cause of action. Every cause of action in tort consists of two parts, to wit, the unlawful act, and all damages that can arise from it. For damages alone no action can be permitted. Hence, if a recovery has once been had for the unlawful act, no subsequent suit can be maintained.'

"In *Smith v. C., N. O. & T. P. R. Co.*, 136 Tenn 282, 189 S.W. 367, L.R.A.1917C, 543, Smith sued to recover damages for injuries received as a result of the negligent derailment of a passenger coach in which he and his wife were riding. A plea of former adjudication was interposed, in which it was stated that in a former suit in the federal court Smith had recovered a judgment for loss of his wife's services, resulting from the same negligent act. In sustaining the plea the court quoted approvingly from the foregoing cases, and said:

" 'We think all of our cases, while not deciding the question presented exactly, furnish a basis from which the necessary corollary is drawn that if the plaintiff, suing for damages for injuries resulting from a single tort, does not include in his suit all the injuries sustained, a subsequent suit for those omitted will be barred upon a plea of *res adjudicata* aptly pleaded. This follows naturally from the conclusion that the recovery is for the tort, and not for the injuries. If "a single tort can be the foundation for but one claim for damages," it evitably follows that there can be but one suit to recover for injuries resulting from that tort.'

"In *Secor v. Sturgis*, 16 N.Y. 548, the Court of Appeals said: 'The rule is fully established that an entire claim * * * cannot be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits.' "

■ Again, in the recent case of *Graybar Electric Co. v. New Amsterdam Casualty Co.*, 186 Tenn. 446, 211

S.W.2d 903 (1948), it was held that as between the same parties in the same capacities and touching the same subject matter, estoppel of former judgment is conclusive, not only as to matters actually put in issue, but equally as to those which by due diligence of the litigant, or those charged with management of the case, might have been put in issue.

This general statement was given approval most recently by this Court in *Henegar v. International Minerals & Chemical Corporation,* 209 Tenn. 355, 354 S.W.2d 69 (1962).

There is another general statement which finds support in many cases and particularly in the case of *Globe & Rutgers Fire Ins. Co. v. Cleveland,* 162 Tenn. 83, 34 S.W.2d 1059 (1931), and that is, that when an insured sues and collects for his damages against a third party, the subrogation carrier is then barred from bringing its own suit against the same defendant even though the type of damage for which the carrier is suing is different from that for which the insured sued. It was also stated in the Globe & Rutgers case that a single tort can be the foundation for but one claim for damages. All damages which can by any possibility result from a single tort form an indivisible cause of action.

The Graybar Electric Company case, supra, is also authority for the proposition that the doctrine of *res judicata* operates to bar all claims that were actually litigated or could have been litigated in the first suit between the same parties. The insurance companies were the real parties and plaintiffs in interest in the case in the Federal District Court and in the instant case. Therefore, under all of the authority of this State they were required

to prosecute a single action for their losses if brought, as here, through a nominal plaintiff.

The action of the trial court is affirmed.

BURNETT, CHIEF JUSTICE and FELTS, DYER and HOLMES, JUSTICES, concur.