782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRANK HULEN AND WILMA LESNANSKY, Plaintiffs-Appellees,
(84-6090) Defendants-Appellees (85-5032)
v.
EARLENE POLYAK, Defendant-Appellant (84-6090)
Plaintiff-Appellant (85-5032).
 84-6090, 85-5032
 United States Court of Appeals, Sixth Circuit.
 12/17/85
 ORDER
 
 1
 BEFORE: ENGEL and KRUPANSKY, Circuit Judges; and SUHRHEINRICH, District Judge.*
 
 
 2
 These two cases are brought to the Court by the same Michigan pro se resident. The first appeal, 84-6090, arises from the appellant's attempt to remove a Tennessee state court action filed against her by her two siblings. The siblings, who live in Tennessee, filed a state court action to restrain their sister (the appellant in these cases) from making alterations to land and a dwelling which they all inherited as tenants in common from their parents. The siblings also sought an order of sale of the property claiming a partition in kind between the three of them was not practicable. An order of sale was eventually entered in the state court proceedings on October 19, 1983. The appellant's appeal was dismissed on April 26, 1984 and her application to appeal to the Tennessee Supreme Court was denied on July 2, 1984.
 
 
 3
 Undaunted by this litigation, the appellant filed a petition to remove the state court action on October 1, 1984 in the federal court for the Middle District of Tennessee. The petition was denied by the district court for being untimely. The appellant appeals from this judgment in case no. 84-6090. After the petition was dismissed, the appellant then filed her own federal suit against her two siblings seeking an injunction to block the sale of her property. The district court dismissed the suit for being barred under the doctrine of res judicata. It also granted the defendants costs and attorney fees. The appellant appeals from this judgment in case no. 85-5032. In both of the cases, the appellant now requests the Court to enjoin the sale of her property.
 
 
 4
 Upon consideration of all the arguments presented by the parties in their respective appellate briefs, this Court concludes that it must dismiss in part the appellant's appeal filed under 84-6090 for lack of jurisdiction and yet also affirm the district court's judgment to the extent it is reviewable. The district court's judgment under review in 85-5032 shall also be affirmed and the motion for injunctive relief shall be denied in both cases. Because the Court likewise finds the assertion of the arguments presented by the appellant in these cases to be absolutely frivolous, costs and attorney fees will be awarded against the appellant pursuant to Rule 38, Federal Rules of Appellate Procedure.
 
 
 5
 This Court lacks jurisdiction to entertain the appellant's appeal in case no. 84-6090 to the extent appellant seeks review of the district court's judgment dismissing her petition for removal filed under 28 U.S.C. Sec. 1441 or Sec. 1442. If a case is determined to have been removed improvidently and without jurisdiction under 28 U.S.C. Sec. 1447(c), then pursuant to 28 U.S.C. Sec. 1447(d), the order of dismissal and remand shall not be reviewable in the court of appeals unless the removal was sought in a civil rights case under 28 U.S.C. Sec. 1443. Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977); In re Romulus Community Schools, 729 F.2d 431 (6th Cir. 1984); Detroit Police Lts. and Sgts. Ass'n v. City of Detroit, 597 F.2d 566, 567 (6th Cir. 1979) (per curiam). To the extent appellant sought removal under Secs. 1441 or 1442, therefore, this appeal must be dismissed because a dismissal of a petition for removal for being untimely is a denial within the meaning of Sec. 1447(c) and is hence unreviewable under Sec. 1447(d). Lewis v. Louisville & Nashville R. Co., 758 F.2d 219, 222 (7th Cir. 1985); Royal v. State Farm Fire and Casualty Co., 685 F.2d 124, 127 (5th Cir. 1982) (per curiam); Wilkins v. Rogers, 581 F.2d 399, 403 (4th Cir. 1978) (per curiam).
 
 
 6
 To the extent the appellant may have sought removal of her suit under 28 U.S.C. Sec. 1443 as one claiming civil rights violations, the dismissal by the district court was nonetheless proper for several reasons. Even as an attempted removal under Sec. 1443, the petition was properly denied as untimely under 28 U.S.C. Sec. 1446(b) as the petition was filed well beyond thirty days after the appellant first received notice of the initial pleading in the state trial court. In addition, the petition was properly denied because the appellant clearly failed to meet the two-prong test for removal of a civil rights case under Sec. 1443. Johnson v. Mississippi, 421 U.S. 213, 222 (1975); Smith v. Winter, 717 F.2d 191, 194 (5th Cir. 1983). The appellant has not asserted any claim of racial inequality, and while she claims the state courts denied her various and sundry constitutional claims, the denial is not asserted to have been pursuant to an expressed state law, but rather largely due to ineffective assistance of counsel. In addition, the appellant could not have achieved removal under Sec. 1443(2) as neither of the defendants are state or federal officials, nor are they alleged to have assisted such persons in the performance of their official duties. Detroit Police Lts. and Sgts. Ass'n v. City of Detroit, supra, 597 F.2d at 568. The petition for removal, accordingly, was properly denied by the district court.
 
 
 7
 The district court's judgment under review in 85-5032 was also properly entered dismissing plaintiff's suit for being barred by the state court judgment under the doctrine of res judicata. The court also properly granted the defendants costs and attorney fees. Tennessee courts have held that if a second lawsuit involves the same parties acting in the same capacities and touches the same subject matter as the first lawsuit, then the principles of res judicata apply. National Cordova Corp. v. City of Memphis, 214 Tenn. 371, 380 S.W.2d 793, 798 (1964); Grange Mutual Casualty Co. v. Walker, 652 S.W.2d 908, 909-10 (Tenn. App. 1983). Under Tennessee law, the doctrine of res judicata will bar consideration of all claims which were or reasonably could have been litigated by the parties in the state court action. American National Bank & Trust Co. v. Clark, 586 S.W.2d 825, 826-27 (Tenn. 1979); National Cordova Corp. v. City of Memphis, supra, 380 S.W. 2d at 798. Accordingly, it is clear that the appellant's federal lawsuit was barred as she sought to relitigate issues which were and could have been fairly litigated in the previous state court action. The issues and parties are identical in both suits; and, in addition, real estate and probate are peculiarly within the knowledge and expertise of the local state courts. Policy considerations, therefore, likewise support the application of res judicata in this case.
 
 
 8
 The district court also properly found the plaintiff liable for costs and attorney fees, pursuant to Rule 11, Federal Rules of Civil Procedure. Plaintiff unequivocally knew that a court of competent jurisdiction had already entertained litigation involving the identical subject matter, issues and parties. She had also already sought appellate review in the state courts and she had also tried to present her claims in a federal forum by filing a petition to remove. Under these circumstances, it is reasonable to conclude that this appellant did not have a good faith belief that her suit was well founded, as a prefiling inquiry into her own history of litigation would have shown her otherwise. The district court, therefore, did not abuse its discretion in assessing costs and attorney fees against this plaintiff. See In re TCI Ltd., 769 F.2d 441, 446 & 447 (7th Cir. 1985); Eastway Construction Corp. v. City of New York, 762 F.2d 243, 253-54 (2d Cir. 1985); Committee Notes to the 1983 Amendment to Rule 11, Federal Rules of Civil Procedure.
 
 
 9
 Finally, this Court concludes that costs and attorney fees must be assessed against the appellant for bringing these appeals as her arguments are frivolous and completely without merit. Rule 38, Federal Rules of Appellate Procedure; Reynolds v. Humko Products, 756 F.2d 469, 473-74 (6th Cir. 1985); TIF Instruments, Inc. v. Colette, 713 F.2d 197, 201 (6th Cir. 1983). The appellant's attempts to distinguish her suit from the state court action and hence avoid the application of res judicata are totally inconsequential. Despite her having counsel represent her in state court, the plaintiff was still sued in the same capacity and character as she now seeks to sue her siblings as an individual and not as a representative of a third party. Also with her having been represented by counsel in the first action, for a while, policy considerations support rather than detract from the application of res judicata to bar her present suit filed pro se.
 
 
 10
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The appeal under review in 84-6090 is, accordingly, dismissed to the extent the appellant sought review of the denial of her petition to remove a non-civil rights case pursuant to Rule 9(d)(1), Rules of the Sixth Circuit. The district court's judgment under review in that case is, however, affirmed to the extent the appellant sought to remove a civil rights case pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. The district court's judgment under review in 85-5032 is also hereby affirmed for the foregoing reasons pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. The appellant's motion for injunctive relief is hereby denied and costs and attorney fees are also hereby awarded against the appellant pursuant to the cited authority and Rule 38, Federal Rules of Appellate Procedure. The appellees may file with the clerk of this Court, with proof of service, an itemized and verified bill for the costs and attorney fees within fourteen days after the entry of this order. The bill should specify services rendered in only these two appeals and not in appeals docketed under 85-5101 and 85-5147 taken from the district court's order specifying the amount of costs and fees awarded in the district court. If counsel is unable to separate his services rendered in these four appeals, counsel should divide the total amount of his costs and fees in half and assign one-half to appeals 84-6090 and 85-5032 and the other half to 85-5101 and 85-5147.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation