## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

RICHARD DUVALL           )
                                    )

      Plaintiff/Appellant,        )        Appeal No.
                                      )        01A01-9810-CV-00530

v.                             )
                                      )        Davidson County Circuit

ARTIE MOBLEY            )        No.  98C-1241
                                    )

      Defendant/Appellee.      )
                                      )

**FILED**

June 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CIRCUIT COURT
FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE THOMAS W. BROTHERS PRESIDING

JAMES BRYAN LEWIS
BARRETT, JOHNSTON & PARSLEY
217 SECOND AVENUE NORTH
NASHVILLE, TENNESSEE 37201

ATTORNEY FOR PLAINTIFF/APPELLANT

SCOTT A. RHODES
ADAIR, SCHUERMAN & WHITE
BRENTWOOD COMMONS 1, SUITE 160
750 OLD HICKORY BOULEVARD
BRENTWOOD, TENNESSEE 37027

ATTORNEY FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED**

PATRICIA J. COTTRELL, JUDGE

CONCUR:

KOCH, J.
CAIN, J.

# OPINION

Plaintiff appeals the trial court's Order granting summary judgment to Defendant on the ground that Plaintiff's claim is barred by the doctrine of *res judicata*. We affirm the order of the trial court.

This case involves a car accident which occurred between the parties on August 9, 1997, in Nashville, Davidson County. Richard Duvall (hereinafter Plaintiff) filed a Civil Warrant in General Sessions Court against Artie Mobley (hereinafter Defendant), seeking damages for injury to personal property resulting from the accident. The case was set on March 31, 1998, at which time the parties reached an agreement on the issue of damages to Plaintiff's vehicle in the amount of $8,500. A hearing on the merits was held on Plaintiff's remaining claim for damages done to other personal property. Plaintiff received a judgment for an additional $500.

On May 5, 1998, Plaintiff filed a Complaint in the Circuit Court for Davidson County against the same defendant. In this complaint, Plaintiff sought an award for personal injury damages allegedly sustained during the same accident which was the subject of the parties' earlier law suit.[1] On June 9, 1998, Defendant filed a motion for summary judgment raising the doctrine of *res judicata*. On September 30, 1998, the trial court granted Defendant's motion on the ground that Plaintiff's claim based on personal injury was barred by the doctrine of *res judicata*. Plaintiff now appeals.

*Res judicata* is a claim preclusion doctrine that promotes finality in litigation. *Moulton v. Ford Motor Company*, 533 S.W.2d 295, 296 (Tenn. 1976). A final judgment in General Sessions Court bars a subsequent suit in another

---

[1] Although Plaintiff submits that he did not know the full extent of his injuries at the time of the accident, it is undisputed that he was aware that he had been injured immediately after the accident.

court on the same subject. *Staggs v. Vaughn*, 205 Tenn. 9, 325 S.W.2d 277 (1959).

*Res judicata* bars a second suit between the same parties and their privies on the same cause of action as to all issues which were or could have been litigated in the former suit. *Richardson v. Tennessee Board of Dentistry, 913 S.W.2d 446, 449 (Tenn. 1995).*

Under Tennessee law:

A single tort can be the foundation for but one claim for damages. ***All damages which can by any possibility result from a single tort form an indivisible cause of action. Every cause of action in tort consists of two parts, to wit, the unlawful act, and all damages that can arise from it. For damages alone no action can be permitted. Hence, if a recovery has once been had for the unlawful act, no subsequent suit can be maintained.

* * * * *

[I]f the plaintiff, suing for damages for injuries resulting from a single tort, does not include in his suit all the injuries sustained, a subsequent suit for those omitted will be barred upon a plea of res adjudicata aptly pleaded. This follows naturally from the conclusion that the recovery is for the tort, and not for the injuries. If 'a single tort can be the foundation for but one claim for damages,' it [in]evitably follows that there can be but one suit to recover for injuries resulting from that tort.

*Potts v. Celotex,* 796 S.W.2d 678, 682 (Tenn. 1990) *(internal citations omitted in the original) (quoting National Cordova Corporation v. City of Memphis*, 214 Tenn. 371, 380-381, 380 S.W.2d 793, 797 (1964), *quoting Johnston v. Southern Ry. Co.*, 155 Tenn. 639, 643, 299 S.W. 785, 786 (1927)).

The judgment of the trial court dismissing Plaintiff's lawsuit is affirmed. This case is remanded to the trial court for any further proceedings which may be necessary. Costs are taxed to Appellant, Mr. Richard Duvall, for which execution, if necessary, may issue.

3

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:


_____
WILLIAM C. KOCH, JUDGE


_____
WILLIAM B. CAIN, JUDGE