SOLECTRON USA, INC., for the Use and Benefit of FIDELITY & DEPOSIT COMPANY OF MARYLAND, Plaintiff,

v.

FEDEX GROUND PACKAGE SYSTEMS, INC., Defendant.

No. 2:07–CV–2438 JPM–TMP.

United States District Court, W.D. Tennessee, Western Division.

Oct. 11, 2007.

Michael G. McLaren, Black McLaren Jones & Ryland, Memphis, TN, for Plaintiff.

James R. Mulroy, II, Richard Alex Boals, Kiesewetter Wise Kaplan & Prather, PLC, Memphis, TN, for Defendant.

## ORDER DENYING MOTION TO REMAND

JON P. McCALLA, District Judge.

Before the Court is Plaintiff's Motion to Remand (DE # 6), filed July 23, 2007. Defendant responded in opposition (DE # 9) on August 6, 2007. Defendant removed the case on the basis of both federal question jurisdiction and diversity of citizenship. For the following reasons, the Court finds that federal question jurisdiction exists under 49 U.S.C. § 14706 ("the Carmack Amendment") and 28 U.S.C. § 1331 such that removal pursuant to 28 U.S.C. § 1441(b) was proper. Therefore, Plaintiff's Motion to Remand is DENIED.

Alternatively, the Court finds that diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332, and removal to this Court was proper under 28 U.S.C. § 1441(a).

### I. Factual Background

Plaintiff, Solectron USA, Inc. for the use and benefit of Fidelity & Deposit Company

of Maryland ("Fidelity" or "Plaintiff") filed this action as subrogee to its policyholder, Solectron USA, Inc. ("Solectron"), against Defendant FedEx Ground Package System, Inc. ("Defendant" or "FedEx Ground"), in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, Shelby County. On June 22, 2007, Defendant filed a Notice of Removal in this Court.

Solectron's predecessor-in-interest (hereinafter, Solectron and its predecessor-in-interest are collectively referred to as "Solectron") entered into a contract with Hewlett–Packard Company ("HP"), whereby Solectron "became HP's non-exclusive repair service contractor for HP's facility located at 421 Sanford Road, LaVergne, Tennessee (hereinafter referred to as the 'LaVergne Facility')." (Compl.¶ 5.) Solectron "provided labor, materials, and necessary shipping" to perform the contract between Solectron and HP. (*Id.*) Solectron was the named insured under a Commercial Crime Select Insurance Policy ("the Policy"), issued by Fidelity. (*Id.* at ¶ 8.)

Fidelity asserts that from November 2001, until mid-September 2002, two Solectron employees who worked at the LaVergne Facility conspired with a FedEx Ground truck driver to "transport stolen goods, including DVDs, digital cameras and printers off the LaVergne Facility." (*Id.* at ¶ 10.) The truck driver worked out of Defendant's Murfreesboro, Tennessee terminal in Rutherford County. (*Id.* at ¶ 15.) Solectron, FedEx Ground, state authorities, and local authorities conducted an investigation of the scheme. (*Id.* at ¶¶ 15–16.)

In March 2003, Solectron made a $1,726,601 claim on the Policy, and Fidelity settled that claim with Solectron for $580,000. "In consideration for the payment, Solectron assigned, subrogated, transferred, and set over to [Fidelity] all of [Solectron's] rights, actions, and causes of action it has against any person, firm or corporation." (*Id.* at ¶¶ 22–23.)

Fidelity now seeks the entire amount of that settlement from Defendant. Fidelity alleges that Defendant is vicariously liable for the actions of the FedEx Ground truck driver, and as a result, Defendant breached its shipping contract with Solectron. (*Id.* at ¶ 25.) Solectron transferred and subrogated its cause of action to Fidelity, and Fidelity brings the instant case to recover the $580,000 it paid Solectron under the Policy. (*Id.* at ¶ 26.)

## II. Standard of Review

### A. 28 U.S.C. § 1441(b) Removal based on Federal Question Jurisdiction

■ Pursuant to 28 U.S.C. § 1441(b), a defendant may remove a case to federal court if the claim arises under federal law. The question of whether a claim arises under federal law is "determined by reference to the 'well-pleaded complaint.' " *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (citations omitted). "The well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 515 (6th Cir.2003)(*quoting Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 943 (6th Cir. 1994)).

■ The doctrine of complete preemption constitutes a narrow exception to the well-pleaded complaint rule. Although federal preemption is typically a defense to a plaintiff's action and does not authorize removal to a federal court, in some cases,

"the preemptive force of [federal law] is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)(*quoting Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)); *see also Ritchie v. Williams,* 395 F.3d 283, 286 (6th Cir.2005).

▆▆▆ When it applies, the Carmack Amendment "provide[s] the *exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier* ... [and] the complete pre-emption doctrine applies." *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 778 (5th Cir.2003); *see also Hall v. N. Am. Van Lines, Inc.* 476 F.3d 683, 687–89 (9th Cir.2007)(holding that the Carmack Amendment is "among the few statutes that completely preempt well-pleaded state claims by providing the exclusive cause of action for [interstate shipping contract claims]"); *Am. Synthetic Rubber Corp. v. Louisville Nashville R.R. Co.,* 422 F.2d 462, 465–66 (6th Cir.1970)(recognizing that the Carmack Amendment completely preempts state law claims regarding interstate shipping contracts). Thus, the Carmack Amendment, when it applies, converts a state common-law claim into a federal question claim, allowing removal to federal court under 28 U.S.C. 1441(b). *Hall,* 476 F.3d at 689; *Hoskins,* 343 F.3d at 778; *Am. Synthetic,* 422 F.2d at 467.

**B. 28 U.S.C. § 1441(a) Removal based on Diversity Jurisdiction**

▆▆▆ 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over disputes between diverse parties where the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a). In order to remove based on diversity jurisdiction, complete diversity must exist at the time of removal. *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 492 (6th Cir.1999). To establish complete diversity, "all parties on one side of the litigation [must be] of a different citizenship from all parties on the other side of the litigation." *SHR, Ltd. P'ship. v. Braun,* 888 F.2d 455, 456 (6th Cir.1989).

▆▆▆ The defendant desiring to remove bears the burden of proving that diversity jurisdiction exists. *Gafford v. General Elec. Co.,* 997 F.2d 150, 155 (6th Cir.1993). "[S]tatutes conferring removal jurisdiction are ... construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir.1999) (citations omitted). Doubts about removal "should be resolved in favor of remand to the state courts." *Id.; see also Nasco Inc. v. Norsworthy,* 785 F.Supp. 707, 710 (M.D.Tenn.1992)(noting that removal statutes "are to be strictly construed ... in favor of remand").

**III. Analysis**

**A. 28 U.S.C. § 1441(b) Removal based on Federal Question Jurisdiction**

The parties agree that "the Carmack Amendment preempts all state and common law claims and provides the sole and exclusive remedy to shippers for loss or damage in interstate transit." (Pl. Mem. Supp. Mot. Remand, DE # 6–2, at 5; *see* Def. Resp. Opp. Mot. Remand, DE # 9, at 5.) The Plaintiff contends that the Car-

mack Amendment does not apply to this case because "the loss that occurred in this action did not involve interstate transit" as "all allegations against defendant in Solectron's Complaint occurred in the state of Tennessee and involved transportation of goods in *intrastate* commerce." (Pl. Mem. Supp. Mot. Remand, DE # 6–2, at 5–6.) The Court disagrees with Plaintiff's characterization of the claims in the instant case as intrastate in nature. The Court finds that the Carmack Amendment applies to Plaintiff's claims and that the Court has federal question jurisdiction.

■ The Carmack Amendment "provide[s] the *exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier....*" *Hoskins,* 343 F.3d at 778. In determining whether a particular shipment involves interstate commerce, "the intention existing at the time the movement starts governs and fixes the character of the shipment," regardless of temporary stoppages within the state. *Swift Textiles, Inc. v. Watkins Motor Lines, Inc.,* 799 F.2d 697, 699 (11th Cir. 1986) *quoting Texas v. Anderson, Clayton & Co.,* 92 F.2d 104, 107 (5th Cir.1937).

■ "The nature of the shipment is not dependant upon the question when or to whom title passes;" instead, "it is determined by the essential character of the commerce ... [and] the continuing intent that it should be transported [interstate]." *U.S. v. Erie R. Co.,* 280 U.S. 98, 101–02, 50 S.Ct. 51, 74 L.Ed. 187 (1929). "The determination of the character of the commerce is a matter of weighing the whole group of facts in respect to it." *Atl. Coast Line R. Co. v. Standard Oil Co. of Kentucky,* 275 U.S. 257, 268–69, 48 S.Ct. 107, 72 L.Ed. 270 (1927).

■ In most cases, a common carrier's contract is not satisfied "until the goods are in the possession of the consignee and the general rule is that a shipment does not lose its interstate character until it arrives at its destination and is there delivered." *Murphy v. United States,* 133 F.2d 622, 626 (6th Cir.1943) *citing Western Union Tel. Co. v. Foster,* 247 U.S. 105, 112, 38 S.Ct. 438, 62 L.Ed. 1006 (1918). If goods in an interstate shipment are stolen before they reach their destination, "the interstate character of a shipment, insofar as it concerns the purchaser, receiver, or possessor of stolen goods, is to be determined as of the date of the theft." *Winer v. United States,* 228 F.2d 944, 947 (6th Cir.1956) . *citing United States v. Gollin,* 166 F.2d 123, 125 (3d Cir.1948). The controlling intent, for purposes of determining the interstate character of goods, is that of the rightful owner and not of the thief. *Id.* at 947–48; *Murphy,* 133 F.2d at 625–26.

■ In the instant case, the goods stolen from the LaVergne Facility were interstate in character before they were stolen by the two Solectron employees and the FedEx Ground truck driver. (*See generally* Declaration of Larraine Crute, DE # 9–2, at ¶¶ 3–4; *see generally* Compl.) The goods had been shipped to the LaVergne Facility for repair and would have been shipped back to their rightful owners upon completion of the repairs. (*Id.*) The goods did not lose their interstate character once they were stolen. *Winer,* 228 F.2d at 947–48; *Murphy,* 133 F.2d at 625–26. Instead, they remained in interstate commerce even though the theft scheme was local in nature and in scope. *Id.; Swift Textiles,* 799 F.2d at 699.

The evidence demonstrates that the shipments made by the rightful owners to the LaVergne Facility were interstate in character. The intrastate theft and resulting local movement of these goods does not change the interstate character of the

shipments. As a result, the Carmack Amendment governs Plaintiff's claims, and the Court has federal question jurisdiction. *Hoskins,* 343 F.3d at 778.

Accordingly, because the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 49 U.S.C. § 14706, removal to this Court under § 1441(b) was proper. Therefore, Plaintiff's Motion to Remand is DENIED.

### A. 28 U.S.C. § 1441(a) Removal based on Diversity Jurisdiction

It is unnecessary for the Court to determine whether it has § 1332 diversity jurisdiction in the instant case because the Court has federal question jurisdiction under the Carmack Amendment. However, even if the Plaintiff's state law breach of contract claim is not completely preempted by the Carmack Amendment, the Court has diversity of citizenship jurisdiction, and removal under § 1441(a) was proper.

The parties agree: (1) that FedEx Ground is incorporated in Delaware and has its principal place of business in Pennsylvania; (2) that Fidelity is incorporated in Maryland and has its principal place of business in Maryland; and (3) that Solectron is incorporated in Delaware and has its principal place of business in California. (Compl. ¶¶ 1–3; Def. Not. Removal ¶ 3.) For removal jurisdiction to exist in this Court under 28 U.S.C. § 1441(a), this Court must have diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. § 1441(a) requires complete diversity of citizenship at the time of removal. *Coyne,* 183 F.3d at 492.

A corporation is the citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Thus, if Solectron is a party plaintiff in this case, there is no diversity of citizenship because FedEx Ground and Solectron are both in-corporated in Delaware. However, if Fidelity is the only plaintiff in this case, complete diversity exists, and removal under § 1441(a) is proper. As a result, the question of this Court's § 1332 jurisdiction turns on whether Solectron is a "real party in interest" under Fed.R.Civ.P. 17(a).

 "[T]he right to sue in federal court is different from the right to sue in state court, and the [right to sue in federal court] is governed by federal [procedural law] rather than state law." *Long v. Richardson,* 525 F.2d 74, 79 (6th Cir.1975). The question of whether diversity jurisdiction exists in a federal court is determined by federal procedural law, rather than state procedural law. Thus, the Tennessee Rules of Civil Procedure are not applicable to this analysis. *See Certain Interested Underwriters at Lloyd's, London, England v. Layne,* 26 F.3d 39, 43 (6th Cir. 1994); *K–B Trucking Co. v. Riss Int'l Corp.,* 763 F.2d 1148, 1153 (10th Cir.1985); 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1544 (2007).

If this Court's jurisdiction is based on diversity of citizenship under § 1332, and not on federal question jurisdiction as the Court determined *supra,* then this Court must apply Tennessee substantive law to the instant case. *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "The forum state's procedural statute or rule defining the real party in interest concept is not applicable, however, because it only governs who may sue in the state courts; under Rule 17(a), the federal courts are concerned only with that portion of state law from which the specific right being sued upon stems." *K–B Trucking,* 763 F.2d at 1153 (*quoting* 6 FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1544); *see also Layne,* 26 F.3d at 43 ("the real party in interest is the person

who is entitled to enforce the right asserted under the governing substantive law."). Therefore, in the instant case, this Court must apply Tennessee contract law to the Plaintiff's breach of contract claim.[1]

 It is well settled under Tennessee law that "upon payment of a loss, an insurance carrier becomes the real party in interest with respect to its subrogation claim." *Kentucky Nat'l Ins. Co. v. Gardner,* 6 S.W.3d 493 (Tenn.Ct.App.1999)(*citing Travelers Ins. Co. v. Williams,* 541 S.W.2d 587, 590 (Tenn.1976)). "Immediately upon the payment of [a claim], [insurance companies are] subrogated to the rights of their insureds through whom they could bring a suit to recover the losses paid by them. They, and not the insureds, [are] the real plaintiffs in interest and of record, both under federal law and under Tennessee law." *Nat'l Cordova Corp. v. City of Memphis,* 214 Tenn. 371, 380 S.W.2d 793, 796–97 (1964); *accord United States v. Aetna Cas. & Sur. Co.,* 338 U.S. 366, 380–81, 70 S.Ct. 207, 94 L.Ed. 171 (1949)("If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name."); *Nipponkoa Ins. Co. v. Ozark Motor Lines, Inc.,* 2006 WL 2947467, at *7 (M.D.Tenn. Oct.12, 2006)("[The Insurance company] is clearly the real party in interest to pursue the primary claims in this case, having reimbursed [the policyholder] in full for its loss relating to the theft ... [the policyholder] likely will have little or no involvement in the conduct of the litigation beyond the provision of witnesses.")

 In the instant case, Fidelity is the only real party in interest under Fed. R.Civ.P. Rule 17(a). When Solectron settled its claim under the Policy with Fidelity, Solectron "assigned, subrogated, trans-ferred, and set over to [Fidelity] its rights, actions, and causes of action it has against any person firm, or corporation." (Compl.¶¶ 22–23.) Fidelity is the only real party in interest because it has paid the entire loss suffered by Solectron. (*Id.*) As a result, this Court has diversity of citizenship jurisdiction under § 1332 because FedEx Ground and Fidelity, the only real parties in interest, are completely diverse.

Accordingly, because the Court has jurisdiction pursuant to 28 U.S.C. § 1332, removal to this Court under § 1441(a) was proper. Therefore, Plaintiff's Motion to Remand is DENIED.

## IV. Conclusion

For the reasons stated above, the Court finds that federal question jurisdiction and diversity of citizenship jurisdiction both exist in this case such that removal to this Court was proper, and Plaintiff's Motion to Remand is DENIED.

So ORDERED.

---

1. As discussed *supra,* it appears that Plaintiff actually brings a Carmack Amendment claim. However, for purposes of the present analysis, the Court will assume that Plaintiff correctly brings his claim under Tennessee contract law.