IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 24, 2005

## GORDON R. McGEE v. CARL PIPPIN, ET AL.

**Appeal from the Chancery Court for Rutherford County**
**No. 89CV000083     Robert E. Corlew, III, Chancellor**

---

**No. M2004-00296-COA-R3-CV - Filed November 30, 2005**

---

Stockholders of an insolvent corporation sought disbursement of corporate funds remaining on deposit with the trial court. The trial court determined that stockholder-creditor should be repaid prior to splitting the excess funds equally between stockholders. Stockholder appealed and we affirm the decision of the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

W.H. (Steve) Stephenson, II, Nashville, Tennessee, for the appellants, Carl Pippin and Helen Pippin.

Quentin Scott Horton, McMinnville, Tennessee, for the appellee, Gordon R. McGee.

**OPINION**

On February 10, 1989, Gordon R. McGee ("McGee"), stockholder of an insolvent corporation, filed a Complaint against another stockholder, Carl Pippin ("Pippin"), his wife, Helen Pippin ("Mrs. Pippin"), and an employee, David Atkins ("Atkins"), seeking a judgment against them for dissipation of corporate assets, recovery of money due from debtors of the corporation, and liquidation of the corporation for the benefit of creditors.

After a bench trial, the court entered an order on May 16, 1996, finding that Pippin and his wife had committed fraud against McGee and the corporation and awarding the corporation $179,474.78 plus prejudgment interest and costs. The Pippins appealed the decision of the trial court and this Court reduced the original judgment against Mr. Pippin to $3,937.95 and dismissed the suit against Mrs. Pippin. On July 6, 1998, the Supreme Court denied an application for permission to appeal.

Sometime later, McGee's counsel was advised by the Clerk & Master that $44,104.36 of corporate funds were still on deposit with the Rutherford County Chancery Court, and that an appropriate disbursement needed to be made. The Pippins filed a motion to disburse funds on July 16, 2002, requesting that the trial court consider the original suit a derivative action pursuant to Tennessee Code Annotated, section 48-17-401 because the original complaint was initiated by a shareholder against the corporation, and to distribute the funds in accordance with Tennessee Code Annotated, section 48-17-401(d). In the alternative, the Pippins requested that the disbursement be made in accordance with the percentage of stock each shareholder owned. However, McGee moved that the funds on deposit be disbursed to the creditors of the corporation. He asserted that the original suit was not a derivative action because the suit named defendants other than the corporation and its shareholders and the specific procedures by which to file a derivative action were not made before the judgment became final. Furthermore, the funds could not be distributed in accordance with the percentage of stock each shareholder owned because the debts of the corporation were greater than the funds remaining on deposit.

A hearing was held on November 5, 2002, and an amended order was entered on December 10, 2002. The order stated:

> This cause came on to be heard on the 5[th] day of November, 2002, before the Honorable Robert E. Corlew III, Chancellor of the Chancery Court of Rutherford County, Tennessee, upon Plaintiff's and Defendants' Motions to Disburse funds held by the Clerk of the Chancery Court for Rutherford County, Tennessee in the above styled matter, statements of counsel, witnesses in open Court, and the entire record as a whole, from all of which the Court finds that the Plaintiff's Motion is well taken the court further finds the following:
> It is, therefore, ordered, adjudged, and decreed as follows:
> 1. That the Clerk of the Chancery Court will disburse the fund held by said Clerk in the above styled matter in the amount of $44,104.36 as follows:
> 2. That $39,272.79 will go to Mr. Gordon R. McGee.
> 3. That $4,537.57 will go to Mr. Carl Pippin.
> 4. That $200.00 plus any accrued interest will be held in Escrow to pay the income tax on C & G Wholesale.
> 5. That $94.00 will be paid for prior court cost to the Clerk of the Chancery Court for Rutherford County.
> 6. That any remaining court cost is waived in the above styled matter.

On January 8, 2003, the Pippins filed a motion to alter or amend the order and an amendment thereto on October 31, 2003. On December 8, 2003, the trial court denied the Pippins' motion and an order was entered on January 2, 2004. The Pippins filed a timely notice of appeal, however Appellants filed no transcript from the proceedings below. On May 18, 2004, McGee filed a notice that a Rule 24(c) statement of evidence was to be filed, however, no such statement was approved by the trial court nor entered into the record.

The Court assumes however, based upon the trial court's order and the exhibits, that the court determined that McGee had made personal contributions to the corporation as a creditor, that McGee should be reimbursed for those contributions, including prejudgment interest, and that any excess should be split equally between the shareholders.

The Pippins assert on appeal that (1) the contributions made by McGee to the corporation were not a loan but a gift; (2) the statute of limitations has expired as to any claims against the corporation by creditors; and, (3) McGee is barred from raising any claim to reimbursement for personal contributions made to the corporation by the original action under *res judicata*. However, the Court's ability to address these issues is hindered by the absence of either a transcript of the proceedings in the trial court or a statement of the evidence prepared pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure.

Ordinarily, "[w]hen a trial court decides a case without a jury, it's findings of fact are presumed to be correct unless the evidence in the record preponderates against them." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn.Ct.App.1992). However, in this case, the factual findings cannot be reviewed *de novo* because the record on appeal contains no record of the trial court's finding of facts. The Court's authority to review a trial court's decision is limited to those issues for which an adequate legal record has been preserved. *Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043, at *1 (Tenn.Ct.App. Feb. 6, 2001). The parties, not the court, bear the burden of ensuring that the record on appeal contains a fair, accurate, and complete account of what transpired in the trial court. *Taylor v. Allstate Ins. Co.*, 158 S.W.3d 929, 931 (Tenn.Ct.App.2004). Therefore, "we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod*, 849 S.W.2d at 783.

The Court is therefore compelled to assume that the trial court's disbursement of funds and award of prejudgment interest were supported by the evidence presented by the parties at the hearing on November 5, 2002. Furthermore, "[t]he time of the accrual of the cause of action, as affecting limitations, is frequently a question of fact to be determined by the jury or the trier of fact, as where the evidence is conflicting or subject to different inferences." *Prescott v. Adams*, 627 S.W.2d 134, 139 (Tenn.Ct.App.1981) (citing 54 C.J.S. Limitations of Actions § 399(b) (1948)). Therefore, we must presume that the trial court's determination that McGee's claim to reimbursement for personal contributions made to the corporation was not barred by the statute of limitations because it was likewise supported by the evidence presented by the parties.

Finally, Appellants contend that McGee's claim to reimbursement for personal contributions to the corporation are barred *res judicata*. "The doctrine of *res judicata* operates to bar all claims that were actually litigated or could have been litigated in the first suit between the same parties." *Henegar v. Int'l Minerals & Chemical Corp.*, 354 S.W.2d 69, 70 (Tenn.1962). Because Appellants failed to present a complete record to the Court, we are unable to determine whether this matter could have been litigated in the first suit. We therefore must assume that Appellee presented sufficient evidence to support the trial court's judgment that his claim was not barred by *res judicata*. The decision of the trial court is affirmed in all respects, and costs of appeal are assessed against Appellants.

_____
WILLIAM B. CAIN, JUDGE