HAROLD E. HENEGAR et ux.

*v.*

INTERNATIONAL MINERALS & CHEMICAL CORPORATION.

354 S. W. 2d 69.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

DAVID E. CHEATHAM, Pulaski, for plaintiffs in error.

LON P. MACFARLAND, Columbia, WILLIAM J. HARBISON, Nashville, for defendant in error.

356

Mʀ. Cʜɪᴇꜰ Jᴜꜱᴛɪᴄᴇ Pʀᴇᴡɪᴛᴛ delivered the opinion of the Court.

This appeal presents a question of law only and that is the plea of res adjudicata is good. This plea was sustained by the trial judge and this appeal resulted.

It appears that plaintiffs filed suit for damages against the defendant in the Circuit Court of Giles County on December 22, 1959, seeking damages to their livestock, personal property and real estate for the period of time from October 1, 1957, to October 1, 1959. Later the declaration was amended ''so that the period of time covered by their suit shall be from October 1, 1957, to October 1, 1958.''

The damages complained of was being caused by the company allowing foul vapor, gas, smoke or fluorine to escape from its manufacturing operations and to spread out on the property of the plaintiffs.

The plaintiffs amended their declaration to allege loss of rental value for said one year period, stating that it

did not exceed $8,800.00   The suit was for having a temporary nuisance for a period of one year, and not for an alleged permanent nuisance.

The defendant specifically excepted to the plaintiffs' amendment and pled that the plaintiffs were deliberately splitting their cause of action by not suing for all damages "from October 1, 1957 until the filing of the suit."

Nevertheless, the plaintiffs prosecuted their amended claim to judgment and defendant paid the judgment in full.

Now, in the present action plaintiffs sued the same defendant for damages to the same property from the same alleged nuisance for the period October 1, 1958, to October 1, 1959, a period which was originally included in the first suit but which was deleted therefrom by the amendment.

Defendant pled that the judgment in the former suit is res adjudicata and a bar to the present action, and that plaintiffs fatally split their cause of action in the previous proceedings.   The Circuit Court sustained the defendant's special plea to this effect.

■   Where the plaintiff sues for a temporary nuisance as here, based upon continuing or recurring trespasses or nuisance the damages are measured by the loss of rental value of the property, during the period covered by the suit, and the plaintiff must recover for all damages sustained until the filing of the suit.   He may maintain successive actions for future damages, but cannot arbitrarily select part of the past period, sue for it, and then later sue for other parts of the same period.

In *Nashville v. Comar,* 88 Tenn. 415, 12 S.W. 1027, 1030 the plaintiffs owned a lot which was periodically flooded by an improperly constructed sewer built by the city. They sued for permanent damage to the value of their realty. This Court held that the alleged nuisance was temporary in nature because it could be corrected or abated by the expenditure of effort and money.

The Court said at page 426, 12 S.W. at page 1030

"It seems to us that the true rule deducible from the authorities is that the law will not presume the continuance of a wrong, nor allow a license to continue a wrong, when the cause of the injury is of such a nature as to be abatable, either by the expenditure of labor or money. And that where the cause of the injury is one not presumed to continue, that the damages recoverable from the wrong-doer are only such as have accrued before action brought, and that successive actions may be brought for the subsequent continuance of the wrong or nuisance."

See also *Thomason v. Rice,* 1 Tenn.Cas. (Shannon) 69.

In *Harmon v. Louisville, N. O. & T. Railroad Co.,* 87 Tenn. 614, at page 623, 11 S.W. 703, 705 this Court said in part as follows:

"Such uses are not of a permanent character, but are recurrent, and every act is a new wrong, and successive actions may be brought, each recovery embracing only the damages sustained up to the commencement of the action."

The doctrine of res adjudicata operates to bar all claims that were actually litigated or could have been litigated in the first suit between the same parties.

*Graybar Electric Co. v. New Amsterdam Casualty Co.,*
186 Tenn. 446, 211 S.W.2d 903.

■ The applicable rule is stated by Judge Robert
Taylor of the Eastern Division of Tennessee, in the case
of *Phillips v. U. S.,* D.C., 102 F.Supp. 943, 948 as follows:

"Splitting of a cause of action does not operate
prospectively. It operates as an estoppel after judg-
ment. Where a plaintiff, having a cause of action,
elects to recover on only a part of it, a judgment there-
on is res judicata against a second suit to recover on
another part (provided the right to recover on all had
accrued at the time of the first suit). Splitting of a
cause of action is not fatal to the first action, but only
to the second. In modern times the defense is in the
nature of the plea of res judicata."

See also *Johnson v. Southern Ry. Co.,* 155 Tenn. 639,
299 S.W. 785, 55 A.L.R. 932.

It results that we are of the opinion that the plea of
res adjudicata was good and that the plaintiffs could not
split their cause of action.

Affirmed.

BURNETT, FELTS, WHITE, and DYER, JUSTICES, concur.