AMERICAN NATIONAL BANK AND
TRUST COMPANY OF CHATTA-
NOOGA, Petitioner-Defendant,

v.

Norman Frances Raoul CLARK and Ann
Elizabeth Raoul,
Respondents-Plaintiffs.

Supreme Court of Tennessee.

Aug. 20, 1979.

Rehearings Denied Oct. 1, 29, 1979.

Jere T. Tipton, Miller & Martin, John P. Gaither, Witt, Gaither & Whitaker, Chattanooga, for petitioner-defendant.

Leonard R. Tanner, Jr., Richard P. Jahn, Chattanooga, for respondents-plaintiffs.

## OPINION

HARBISON, Justice.

In this action the beneficiaries of an inter vivos trust, created in 1949, sued the trustee for damages. They alleged that the trustee breached its fiduciary duty to advise them fully concerning transactions in 1944 involving shares of corporate stock which the beneficiaries transferred to the trust in 1956. This suit was begun in 1977. It is a sequel to and an outgrowth of earlier litigation between the same parties concerning the same general subject matter. *See Clark v. American National Bank & Trust Co. of Chattanooga,* 531 S.W.2d 563 (Tenn. App.1974), *cert. denied,* by Supreme Court of Tennessee, July 7, 1975, *cert. denied,* 423 U.S. 1053, 96 S.Ct. 786, 46 L.Ed.2d 644 (1976).

It is conceded by the plaintiffs, respondents here, that most, if not all, of the issues raised in the present proceeding and sought here to be litigated were involved, though not necessarily finally determined, in the previous suit. In their briefs and arguments, all parties rely heavily upon portions of the judgments and decrees in the previous litigation favorable to them and by closely reasoned arguments seek to avoid those portions of the previous adjudications unfavorable to them.

It is conceded by the respondents that they seek to recover in the present case the identical damages sought in the earlier litigation, arising from an alleged wrongful exchange in 1944 by the trustee of no-par common stock of the Cavalier Corporation, then being held in two earlier trusts, for one hundred dollar par value shares in the same corporation, having a dividend preferential. The two trusts which were being administered by the trustee in 1944 terminated in 1956. The prior litigation was commenced in 1964 and was ultimately held to be time-barred in some respects and without merit in others. It was extremely protracted and complex, spanning some twelve years. The case was tried on its merits and a voluminous evidentiary record compiled. The various claims and theories of the parties and the holding of the Court of Appeals thereon are discussed in the reported opinion cited above.

After this Court had denied the petition for certiorari filed on behalf of respondents in the earlier case, and after the Supreme Court of the United States had likewise declined to review the decision of the Court of Appeals, the present suit was brought. In it, the same trust beneficiaries charged the trustee of the 1949 trust with failure to advise them adequately at any time prior to their filing of the first suit of the adverse *consequences to the trust corpus of the 1944* stock exchange. They transferred their stock to the present trust when the earlier trusts terminated in 1956.

To the present action the trustee filed a motion for summary judgment, relying upon principles of res judicata as well as the statute of limitations and laches. The Chancellor sustained the motion, finding that all of the issues had been fully adjudicated and determined in the prior suit. The Court of Appeals reversed, holding that the cause of action now asserted against the trustee was different from that involved in the previous litigation and stating that the gravamen of the present suit, "failure to communicate, was not an issue" in the former suit.

In this regard, even the respondents admit that the Court of Appeals was incorrect. They assert, in their reply to the trustee's petition for certiorari, that the issue was raised, and was in fact litigated, but they allege that they raised it simply in response to the affirmative defense of the statute of limitations asserted by the trustee in the first case. They further state:

> "The issue of failure to communicate was obviously raised in the prior case by Clark-Raoul, but not as a necessary element of the prior cause of action, but instead to counter an affirmative defense. Further, even though the prior case clearly and finally holds that there had been no communication to Clark-Raoul . . ., this finding was not on a material issue . . . because there had been no 'physical concealment' . .,

hence the statute was nontheless [*sic*] allowed to run . . .."[1]

The opinions and judgments in the prior case make it clear that alleged failure of the trustee properly to communicate with and advise the beneficiaries was a central issue in that litigation, and the Court of Appeals was in error in holding otherwise.

It is the insistence of the respondents that the principle of res judicata applies only to issues actually raised and finally adjudicated in prior litigation. Their complaint refers to and repeats a number of allegations and claims allegedly raised in the former suit but asserts that these are not foreclosed here because they were not finally determined therein.

This, in our opinion, is too narrow a view of the principle involved. It has long been the rule in this state that not only issues which were actually determined, but all claims and issues which were relevant and which could reasonably have been litigated in a prior action, are foreclosed by the judgment therein. *See Jordan v. Johns,* 168 Tenn. 525, 79 S.W.2d 798 (1935).

This principle was illustrated in the case of *Henegar v. International Minerals & Chemical Corp.,* 209 Tenn. 355, 354 S.W.2d 69 (1962), in which a plaintiff undertook to "split" his cause of action and litigate only a portion thereof. The suit involved an alleged recurring nuisance. In the first action the plaintiff tried and pursued to judgment claims for property damage for a specified period of time. In a second suit the same plaintiff sought to recover for a *later period of time, but one which still* preceded the date of the filing of the previous action. A plea of res judicata was sustained by the trial court. This Court affirmed, stating:

> "The doctrine of res judicata operates to bar all claims that were actually litigated or could have been litigated in the first suit between the same parties.

---

1. Respondents go so far as to urge that this issue was determined conclusively in their favor in the earlier case, so as to be binding here under principles of collateral estoppel. They insist, however, that until they lost the first case on the statute of limitations issue, their right to pursue their present remedy did not accrue.

*Graybar Electric Co. v. New Amsterdam Casualty Co.,* 186 Tenn. 446, 211 S.W.2d 903.

"The applicable rule is stated by Judge Robert Taylor of the Eastern District of Tennessee, in the case of *Phillips v. U. S.,* D.C., 102 F.Supp. 943, 948 as follows:

'Splitting of a cause of action does not operate prospectively. It operates as an estoppel after judgment. Where a plaintiff, having a cause of action, elects to recover on only a part of it, a judgment thereon is res judicata against a second suit to recover on another part (provided the right to recover on all had accrued at the time of the first suit). Splitting of a cause of action is not fatal to the first action, but only to the second. In modern times the defense is in the nature of the plea of res judicata.'" 209 Tenn. at 358–59, 354 S.W.2d at 70–71.

*See also National Cordova Corp. v. Memphis,* 214 Tenn. 371, 380 S.W.2d 793 (1964).

All of the claims and theories now being asserted by respondents in their suit instituted in 1977 had accrued and were available for litigation in the action filed in 1964. As stated, that suit was protracted. Final judgment in the trial court was not rendered therein until 1973. The pleadings in that case were amended by both parties from time to time. The breach of trust asserted in the present case, and the facts underlying it, are alleged in the present complaint to have been known to the respondents no later than 1964, shortly prior to the time they filed their first action. This claim either was or clearly could have been included in that suit.

Respondents insist, and the Court of Appeals in both the present and the prior suit held, that petitioner, as trustee of the 1949 trust (No. 1661), was not, in legal theory, a successor trustee to the two earlier trusts which terminated in 1956, but was an entirely separate and "different entity." Even so, it is clear from the reported opinion of the Court of Appeals in 1974 that claims for damages were asserted in that case against petitioner in its capacity as trustee of the 1949 trust. In particular, it was urged that that trustee had breached its fiduciary duty to respondents in not suing itself as trustee of the earlier trusts. *See* 531 S.W.2d at 573. Certainly when the respondents filed and when they litigated the earlier case, they also knew of their claim that the trustee of the 1949 trust had not properly advised them of the stock transactions, and they clearly knew of the losses which they claimed. We are unable to accept their contention that they could fragment their accrued claims against petitioner as trustee of the 1949 trust, litigate part of them to final judgment, and then recommence the litigation upon alternate claims or theories against the same defendant in its same capacity. We are not persuaded by their analogy to a suit against an attorney for malpractice, where the right to sue perhaps may not accrue until the cause in which he represented the plaintiff is irretrievably lost.[2] Here the trustee, in its present capacity, was a direct defendant in the first suit; claims were made against it in that action; and the facts upon which the present claim is based had occurred and were then known to the claimants.

We are of the opinion that the Chancellor correctly concluded that principles of res judicata and collateral estoppel,[3] applicable to issues which were either determined or should properly have been litigated and determined in the prior suit, bar the present action.

The judgment of the Court of Appeals is reversed and the suit is dismissed at the cost of respondents.

HENRY, COOPER and FONES, JJ., and BYERS, Special Justice, concur.

---

2. *But see Commercial Truck & Trailer Sales, Inc. v. McCampbell,* 580 S.W.2d 765, 770–71 (Tenn.1979).

3. For the distinction between these two principles, see *King v. Brooks,* 562 S.W.2d 422, 423–24 (Tenn.1978); *Booth v. Kirk,* 53 Tenn.App. 139, 143–44, 381 S.W.2d 312 (1963).