# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

March 19, 1997

Cecil W. Crowson
Appellate Court Clerk

PATRICIA UTLEY,                    )
                                   )
    Plaintiff/Appellant,       )
                                   )    Davidson Circuit
                                   )    No. 94C-1
VS.                                )
                                   )    Appeal No.
                                   )    01A01-9604-CV-00164
DAVID CULLUM and                   )
TRUCK SALVAGE INC.,                )
                                   )
    Defendants/Appellees.      )

## APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE

## THE HONORABLE WALTER C. KURTZ, JUDGE

For the Plaintiff/Appellant:

Frank C. Ingraham
Nashville, Tennessee

Frank J. Scanlon
Nashville, Tennessee

For the Defendants/Appellees:

Tom Corts
ORTALE, KELLEY, HERBERT,
    & CRAWFORD
Nashville, Tennessee

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a dispute concerning the financial responsibility for cleaning up environmental contamination on leased property. After the lease expired, the lessor filed suit in the Circuit Court for Davidson County seeking to recover the expected costs to remediate the contamination. The lessee moved for summary judgment based on the doctrine of res judicata, asserting that the lessor could have asserted the claim in an earlier circuit court proceeding. The trial court granted the summary judgment, and the lessor has appealed. We affirm the summary dismissal of this complaint.

## **I.**

Truck Salvage, Inc. and several related companies operated a vehicle salvage business on Hagan Street in Nashville for over fifteen years. They purchased and sold new and used vehicle parts and supplies and also stored vehicle bodies, engine parts, tires, wheels, and batteries at the site. Their business activities generated several types of hazardous waste, including petroleum products, cleaners and solvents, and other related compounds. Over the years, Truck Salvage permitted these waste products to contaminate the property.

The environmental contamination problem surfaced in the summer of 1992 when Truck Salvage and Patricia Utley, the property owner, began negotiations either to renew the lease or to purchase the property. Truck Salvage insisted that Ms. Utley would be responsible for the environmental cleanup if it purchased the property, and Ms. Utley responded that this responsibility more properly fell to Truck Salvage. Ms. Utley retained Environmental Technology Service, Inc. ("ETS") to evaluate the property and, in late September 1992, provided Truck Salvage with ETS's preliminary findings showing that portions of the property tested positive for petroleum hydrocarbons. The ETS report did not indicate which areas, if any, would require remediation under state or federal law.

The parties' negotiations concerning the property proved fruitless. Truck Salvage continued to occupy the property after its lease expired on December 31, 1992. After it decided to vacate the property, Truck Salvage attempted to clean up the contamination but spilled more diesel fuel and cleaning fluid in the process.

Both Ms. Utley and Truck Salvage retained other environmental engineering firms to develop recommendations for remediating the contamination. Ms. Utley obtained two reports - a March 1993 report by Four Seasons Industrial Services recommending the systematic removal of all contaminated soil on the property and an August 1993 report by TVG Environmental identifying deep and extensive contamination in two areas. In April 1993 Truck Salvage received a report by ERM-Southeast, Inc. recommending three alternatives, including (1) removing the contaminated soil, (2) covering the contaminated areas with clean soil, or (3) taking no action in the absence of a regulatory cleanup mandate.

Ms. Utley filed a general sessions suit against Truck Salvage and its president, David Cullum, in June 1993 seeking to collect past due rent. After Ms. Utley prevailed, Truck Salvage and Mr. Cullum appealed to circuit court. During the circuit court proceedings, Ms. Utley requested additional damages for the costs she incurred in removing the debris left behind when Truck Salvage vacated the property. Following a bench trial on December 20, 1993, the circuit court found that Truck Salvage was a holdover tenant and awarded Ms. Utley $1,000 for the reasonable rental value of the property during the holdover period, $1,500 for cleanup costs, and $1,000 in attorney's fees.

Ten days after the circuit court trial, Ms. Utley filed another suit against Truck Salvage and Mr. Cullum alleging that they had breached the lease by contaminating the property with hazardous waste. Truck Salvage and Mr. Cullum moved for a summary judgment on the ground that all the questions and issues raised in Ms. Utley's new suit had already been decided by the circuit court in the proceeding appealed from general sessions court. The circuit court granted the summary judgment on the ground that Ms. Utley had filed the general sessions court suit when she knew or should have known of her claims against Truck

Salvage and Mr. Cullum for soil and ground water contamination. This appeal followed.

## II.

Appeals from decisions granting summary judgment require the courts to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *Hembree v. State*, 925 S.W.2d 513, 515 (Tenn. 1996); *Cowden v. Sovran Bank / Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tenn. R. Civ. P. 56.03 requires parties seeking a summary judgment to demonstrate that there are no genuine disputes concerning the material facts and that they are entitled to a judgment as a matter of law. *Wyatt v. A-Best Co.*, 910 S.W.2d 851, 854 (Tenn. 1995); *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). A summary judgment proceeding is an appropriate vehicle for determining whether the doctrine of res judicata bars a particular action. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995).

The relevant facts in this case are those relating to the defense that Ms. Utley's environmental cleanup claims are barred by the doctrine of res judicata. There are no material factual disputes concerning the nature and course of the earlier proceedings in the general sessions and circuit courts. Accordingly, the controlling question in this case is whether Mr. Cullum and Truck Salvage are entitled to prevail on their res judicata defense as a matter of law.

## III.

Ms. Utley offers two reasons why the doctrine of res judicata should not bar her later circuit court suit to recover the costs of cleaning up the environmental contamination after Truck Salvage vacated the property. First, she asserts that her environmental contamination claim had not accrued when she filed her general sessions suit because she was unaware of the full extent of the contamination. Second, she asserts that the monetary limits on general sessions suits precluded

her from fully and fairly litigating her environmental contamination claim when her general sessions suit was appealed to circuit court.

## A.

Res judicata is a claim preclusion doctrine that promotes finality in litigation. *Moulton v. Ford Motor Co.,* 533 S.W.2d 295, 296 (Tenn. 1976). It bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995); *Goeke v. Woods,* 777 S.W.2d 347, 349 (Tenn. 1989).

A prior judgment will not have res judicata effect on rights that have not accrued or when intervening events have altered the parties' legal relationships. *White v. White,* 876 S.W.2d 837, 839-40 (Tenn. 1994); *Henegar v. International Minerals & Chem. Corp.,* 209 Tenn. 355, 359, 354 S.W.2d 69, 70-71 (1962). Parties asserting a res judicata defense must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both of the proceedings, and (4) both proceedings involved the same cause of action. *Lee v. Hall,* 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990).

The prohibition against splitting an indivisible cause of action is a logical extension of the principles underlying the doctrine of res judicata. *Potts v. Celotex Corp.,* 796 S.W.2d 678, 682 (Tenn. 1990). Like the doctrine of res judicata, it shields a defendant from a multiplicity of suits, *Stapp v. Andrews,* 172 Tenn. 610, 613, 113 S.W.2d 749, 750 (1938), and it applies to both contractual and tort causes of action. *Holland v. Forcum-James Cooperage & Lumber Co.,* 154 Tenn. 174, 176, 285 S.W. 569, 569 (1926).

The rule against splitting a cause of action prevents plaintiffs from fragmenting their accrued claims by litigating part of them to final judgment and then filing a second suit against the same defendant on alternate claims or theories. *American Nat'l Bank & Trust Co. v. Clark,* 586 S.W.2d 825, 827 (Tenn.

1979); *National Cordova Corp. v. City of Memphis,* 214 Tenn. 371, 380, 380 S.W.2d 793, 797 (1964). It also prevents plaintiffs from recovering less than the full amount of their accrued damages in one suit and then filing a second suit against the same defendant on the same cause of action to recover the remainder of their damages. *Massengill v. Scott,* 738 S.W.2d 629, 631 (Tenn. 1987); *Hawkins v. Dawn,* 208 Tenn. 544, 548, 347 S.W.2d 480, 481-82 (1961). Accordingly, parties suing for breach of contract must include in their complaint all breaches that have occurred when the suit is filed. *Matheny v. Preston Hotel Co.,* 140 Tenn. 41, 48-49, 203 S.W. 327, 328 (1918).

**B.**

Ms. Utley asserts that her environmental contamination claim had not accrued when she filed her general sessions action because she did not know the full extent of the damage. We find this argument flawed for three reasons. First, a breach of contract claim accrues when the contract is breached, *Greene v. THGC, Inc.,* 915 S.W.2d 809, 810 (Tenn. Ct. App. 1995), even if the plaintiff is unaware of the full extent of its injuries caused by the breach. *See Wyatt v. A-Best Co.,* 910 S.W.2d at 855. Second, the undisputed proof demonstrates that Ms. Utley knew there was a serious contamination problem when she filed her general sessions suit. By that time, she had received reports from two environmental engineering firms concluding that the property had been contaminated and recommending the systematic removal of all contaminated soil on the property. Third, Ms. Utley had an opportunity to amend her complaint after the case was appealed to the circuit court to reflect the damages described in the TVG Environmental report but failed to do so.

Truck Salvage breached the lease agreement by allowing hazardous waste to contaminate the property and by failing to clean up the contaminants before it vacated the property. Thus, when Ms. Utley filed her claim in general sessions court, Truck Salvage had not only breached the payment terms of the lease but also the requirements relating to the maintenance and condition of the premises. She had also received two reports from her environmental engineers stating

clearly that she was faced with a significant contamination problem. She elected to bring only part of her breach of contract claims in general sessions court, even though the information in her possession would have supported filing suit in circuit court for all her accrued breach of contract claims.

## C.

Ms. Utley also insists that she did not have a full and fair opportunity to litigate her environmental contamination claim in the first circuit court proceeding because the monetary damage limits on cases appealed from general sessions court prevented her from seeking all of her damages. This claim is likewise not well-taken for two reasons. First, the adoption of Tenn. R. Civ. P. 15 in 1970 permitted parties in cases appealed from general sessions court to amend their pleadings to seek damages beyond the general sessions court's jurisdictional limits. *Ware v. Meharry Medical College,* 898 S.W.2d 181, 186 (Tenn. 1995).[1] Second, Ms. Utley split her contract cause of action against Truck Salvage and Mr. Cullum in June 1993 when she filed her suit in general sessions court. While she could relinquish part of her contract claim in order to bring her suit within the general sessions court's monetary limits, the general sessions and circuit court judgments barred her later action based on the relinquished claims. *See Carraway v. Burton,* 23 Tenn. (4 Humph.) 108, 111 (1843) (holding that a plaintiff may relinquish part of a contract claim in order to give a justice of the peace jurisdiction to hear the claim but that a judgment by the justice of the peace will bar the plaintiff's later suit on the relinquished claim).

## D.

---

[1]The first circuit court proceeding in this case occurred before the Tennessee Supreme Court's *Ware* decision. We are not, however, applying *Ware* retroactively to this case because *Ware* simply announced a legal principle that had been in place since 1970 when the Tennessee Rules of Civil Procedure were adopted.

The action Ms. Utley commenced in circuit court involves the same parties as the prior general sessions action that was appealed to circuit court. It also involves contract claims that could and should have been raised in the earlier proceeding. Accordingly, the circuit court's January 5, 1994 judgment is res judicata on the claims Ms. Utley sought to raise in this case.

## IV.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be appropriate. We also tax the costs of this appeal to Patricia Utley and her surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
BEN H. CANTRELL, JUDGE