IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 21, 2012 Session

# METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE v. JAMES E. BROWN

**Appeal from the Chancery Court for Davidson County**
**No. 11340IV     Russell T. Perkins, Chancellor**

---

**No. M2012-00354-COA-R3-CV - Filed September 28, 2012**

---

Defendant in suit to recover property taxes appeals from the trial court's grant of summary judgment to Plaintiff.  Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and ANDY D. BENNETT, J., joined.

James E. Brown, Madison, Tennessee, Pro Se.

J. Brooks Fox, Assistant Metropolitan Attorney; Christopher M. Lackey, Assistant Metropolitan Attorney, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County, Tennessee.

## OPINION

On March 11, 2011, the Metropolitan Government of Nashville and Davidson County filed suit against James E. Brown to recover property taxes for the years 2007 and 2009 on property owned by Mr. Brown and located at 929 30th Avenue, North.  Mr. Brown appeals from Chancery Court's grant of summary judgment to the Metropolitan Government.

Mr. Brown acquired the property at issue when he purchased it at a tax sale.  His purchase of the property and title thereto is memorialized in a Final Decree Confirming Sale in case No. 08-572-I, Chancery Court for Davidson County, Tennessee, entered March 25, 2010.  Pertinent to the issues in this appeal, the decree states:

It is, therefore, ORDERED by the Court that the Motion to Confirm be, and the same hereby is, granted. All rights, title and interest of the Defendant(s) ESTATE & HEIRS OF: EARLINE WHITTESEY and any and all unknown heirs-at-law or devisees, and of all other interested parties to this suit and to said parcel of land be divested out of them and be vested into the purchaser(s) JAMES E. BROWN, subject to the equity of redemption.

In the names of the parties, the Clerk and Master will make, acknowledge for registration and deliver to said purchaser a deed conveying all the right, title and interest of all the parties to this suit to the purchaser(s) in and to said tract of land or will give the purchaser(s), if preferred, a certified copy of this Final Decree for registration. This Final Decree shall convey good title to the tax sale purchaser(s) against any conveyance of the property while it was under the jurisdiction and control of the Chancery Court, after the Decree for sale was entered, but prior to this Final Decree being signed and available for recording by the tax sale purchaser. Tenn. Code Ann. § 66-3-101.

The March 25, 2010 decree was not appealed; a certified copy was recorded in the Davidson County Register's Office on April 30, 2010.

Mr. Brown raises fourteen issues on appeal, each of which is predicated upon his contention that the Metropolitan Government did not have the ability to convey title to the property to him and, consequently, the March 25, 2010 Final Decree is void.

The fact that Mr. Brown is the owner of the property at at 929 30th Avenue, North, and the manner in which he became the owner are not at issue in this appeal; the sole issue is Mr. Brown's liability for 2007 and 2009 taxes on the property. The March 25, 2010 decree is final and is *res judicata* as to all issues which were or could have been raised in that proceeding, including any issue Mr. Brown wished to press regarding Metro's ability to convey the property to him.[1]

---

[1] *Res judicata* is a claim preclusion doctrine. *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987). Under the doctrine, a final judgment on the merits rendered by a court of competent jurisdiction concludes the rights of the parties and their privies. *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995). The doctrine bars a subsequent action between the parties that involves the same claim or cause of action. *Id*. It prohibits multiple lawsuits with respect to issues which were or could have been litigated in the prior suit. *Massengill*, 738 S.W.2d at 631. Accordingly, *res judicata* applies not only to issues that were raised and adjudicated in the prior lawsuit, but to "all claims and issues which were relevant and which could reasonably have been litigated in a prior action." *Am. Nat'l Bank & Trust Co. of*

(continued...)

This appeal is from a grant of summary judgment. In such proceedings, the moving party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04; *accord Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000). The moving party has the burden of persuading the court that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). If the moving party fails to make this showing, the motion for summary judgment fails. *Staples*, 15 S.W.3d at 88; *McCarley*, 960 S.W.2d at 588. If the movant meets its burden, then the nonmoving party "is required to produce evidence of specific facts establishing that genuine issues of material fact exist." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008)(citing *McCarley*, 960 S.W.2d at 588).[2]

Our review of a trial court's ruling on a motion for summary judgment is a question of law; consequently, we review the record *de novo* with no presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). We take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in its favor and discarding all countervailing evidence. *Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998) (citing *Byrd*, 847 S.W.2d at 210–11).

In support of its motion, the Metropolitan Government filed, *inter alia*, the affidavits of Debra Walling, Deed Manager for the Davidson County Property Assessor, and Gerald Grigsby, Deputy Trustee, and a statement of undisputed facts. The affidavit of Ms. Walling attested that Mr. Brown was the current owner of the property and that there had been no appeals of the assessments for 2007 and 2009. Mr. Grigsby's affidavit attested that the 2007 and 2009 property taxes were unpaid. The statement of undisputed material facts asserted

---

[1](...continued)
*Chattanooga v. Clark*, 586 S.W.2d 825, 826 (Tenn. 1979).

[2] The non-moving party may accomplish this by:

(1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06.

*Martin*, 271 S.W.3d at 84.

only that Mr. Brown was the owner of the property, citing Ms. Walling's affidavit, and that the 2007 and 2009 taxes were unpaid, citing Mr. Grisby's affidavit. In response to the motion, Mr. Brown filed a six page document styled "DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE (and Response to Plaintiff's Statement of Undisputed Facts)", a document styled "DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND RENEWED MOTION FOR SUMMARY JUDGMENT", a document styled ""CASE LAW FACT SHEET VOID JUDGMENTS AND ORDERS", and his own affidavit. Mr. Brown later filed a Notice of Supplemental Authority, citing the court to Tenn. Code Ann. § 26-5-108.

The material filed by the Metropolitan Government in support of the motion showed that Mr. Brown was the owner of the property and that the taxes were not paid; this was sufficient to require Mr. Brown to produce evidence of specific facts showing that genuine issues of material fact exist. We have reviewed the materials filed in response to the motion and they simply do not create an issue of fact relative to the claim of the Metropolitan Government for 2007 and 2009 taxes. Rather, the materials are argumentative and are intended to show that the Metropolitan Government did not have the ability to transfer the property to Mr. Brown. As noted above, any issue relative to the transfer of the property was resolved in the earlier proceeding and, in addition to being *res judicata*, would not be material to the case at hand. Summary judgment was properly granted.

## Conclusion

For the foregoing reasons, the judgment of the Chancery Court is affirmed.

_____
RICHARD H. DINKINS, JUDGE

-4-