IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 9, 2017 Session

### JAMES M. ROBINSON, ET AL. v. PULTE HOMES TENNESSEE LIMITED PARTNERSHIP

**Appeal from the Circuit Court for Wilson County**
**No. 2013-CV-54      John D. Wootten, Jr., Judge**

_____

### No. M2016-01208-COA-R3-CV

_____

Purchasers of an unimproved parcel of real property filed suit against their grantor's seller, claiming that the seller violated the warranty of title that it issued to the purchasers' grantor. This action was filed several years after a related class action lawsuit was concluded in which the trial court ruled that the class plaintiffs' units were properly classified as condominiums rather than fee simple estates. The trial court in the instant action dismissed the complaint on grounds of res judicata and estoppel by deed, among other grounds. The purchasers appeal, and we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Dan E. Huffstutter, Nashville, Tennessee, for the appellants, James M. Robinson and Martha P. Robinson.

Russell B. Morgan and Frankie Neil Spero, Nashville, Tennessee, for the appellee, Pulte Homes Tennessee Limited Partnership.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

James M. Robinson and Martha P. Robinson purchased an interest in an unimproved parcel of real property from Howard W. Lipman in June 2005. Mr. Lipman had acquired his interest in the property described as "Lot 3" or as "Unit 3" from Pulte Homes Tennessee Limited Partnership ("Pulte Homes") in July 2000. The warranty deed

from Pulte Homes to Mr. Lipman stated that Pulte Homes was transferring and conveying to Mr. Lipman:

> LAND in Wilson County, Tennessee, being UNIT No. 3, on the plan of Beacon Hill Village, Phase 3, according to the Master Deed of record in Book 411, page 92, as amended in Book 413, page 476; Book 419, page 391; and Book 421, page 473, in the Register's Office of Wilson County, Tennessee, and more particularly described in Plat Book 23, page 134, in the Register's Office of Wilson County, Tennessee, to which plat reference is hereby made for a more particular description.
>
> BEING a portion of the property conveyed to Pulte Homes Tennessee Limited Partnership, by Deed of Record in Book 461, page 935, Register's Office of Wilson County, Tennessee. . . .

The warranty deed from Mr. Lipman to the Robinsons included essentially the same description of Unit No. 3 and described it as "the same property conveyed to Howard W. Lipman by deed dated July 28, 2000," that was recorded in the Wilson County Register's Office. The Master Deed referenced in Pulte Homes' deed to Mr. Lipman was dated August 31, 1988, and it established the Beacon Hill Village Condominium ("the Condominium"). In the definitions section, the Master Deed defined "Unit" as:

> the fee simple estate within a Building, as such area is identified, located and described on the Plat and as hereinafter set forth.
>
> (1) The boundaries of each Unit shall be as follows:
>
> > (i) The upper boundary shall be its highest ceiling,
> >
> > (ii) The lower boundary shall be the upper unfinished surface of its floor (i.e. that surface directly beneath the carpeting, hardwood floors or other floor covering),
> >
> > (iii) The vertical boundaries (measuring the horizontal area of a Unit) shall be the perimeter walls.

The Master Deed provided that Beacon Hill Village Condominium Association, Inc. ("the Association" or "the Condominium Association") would be in charge of the Condominium's operation. Paragraph 3 of the Master Deed provided that:

(d)  In the event of expansion, the definitions used in this Master Deed automatically shall be extended to encompass and refer to the Condominium as so expanded.  All conveyances of Units after expansion shall be deemed effective to transfer rights in the Condominium as so expanded.

(e)  All Additional Land, Units, Common Elements and Limited Common Elements hereafter added shall be subject to the terms, conditions and restrictions and entitled to the rights, benefits and privileges of this Master Deed and Plat and of all Supplements or Amendments respectively thereto, and the Condominium, as expanded from time to time, shall, at all times constitute one and only one Condominium under this Master Deed and the [Horizontal Property] Act.[1]

Included within the "Additional Land" of Beacon Hill Village was a section of real property referred to as "Phase III of Beacon Hill Village," which encompassed the property at issue, Unit 3.  Pulte Homes acquired title to the Additional Land in February 1999.  Pulte Homes and the Association entered into an agreement whereby Pulte Homes was to develop and construct forty attached and ten detached condominium units and incorporate them within the Master Deed.  Lot 3 is one of the detached units that Pulte Homes sold to Mr. Lipman in July 2000.

The Robinsons knew before they purchased Unit 3 that it was part of Phase III of Beacon Hill Village, which was governed by the Condominium Association.  They knew they would be required to pay fees, assessments, and dues to the Association and that the architectural review committee would have to approve the design of the house they planned to construct.  Mr. Robinson testified as follows:

Q:  So when you closed on the property, it was your understanding that Lot 3 was part of the Beacon Hill Condominium Association; is that right?

A:  Yes.  It was my understanding that we bought a lot that was in the condominium association, that I had found the best of both worlds, that I was buying a lot on which I could build a house for my retirement house.  And by being a part of the condominium association, somebody else would cut my grass.  And I got to pay for that as a part of my dues, but somebody else would cut the grass, garbage pickup would be included, the tennis courts across the street and down would be [avail]able for my use.

---

[1]The Horizontal Property Act is codified at Tenn. Code Ann. §§ 66-27-101–123.

However, the Robinsons also believed that they were purchasing a fee simple interest in the land and house they were planning to build rather than merely in the interior space of their future house.

The <em>Stillwell</em> Class Action

In October 2011, Alex and Kathryn Stillwell, who were the owners of Unit 2, filed a class action against the Association, Pulte Homes, and the Wilson County Planning Commission asserting claims for declaratory judgment and injunctive relief on behalf of themselves and the other owners of the nine detached units in Phase III. The Robinsons were members of the class. In the *Stillwell* action, the plaintiffs alleged that they were fee simple owners of the detached units of Phase III and asked the court to declare that their properties were "private elements," as that term is defined in the Horizontal Property Act.[2]

The trial court denied the plaintiffs' requested relief and held on December 9, 2009, that the detached units, including Unit 3, were properly classified as condominiums and were not private elements. The relevant portions of the trial court's judgment include the following findings of fact:

> 5. Pursuant to the applicable Wilson County Zoning Ordinances and Subdivision Regulations the nine building envelopes cannot be residential lots;
>
> 6. No area within Beacon Hill Village Condominiums can be a subdivision based upon the Wilson County Zoning Ordinances and Subdivision Regulations;
>
> . . . .
>
> 8. The nine detached units and the other 40 condominium units in Phase III are part of: 1) the Beacon Hill Village Condominium Association, Inc., and 2) the Beacon Hill Village condominium project;

---

[2]The Act defines "private elements" as:

> the lot area upon which an apartment is located and the improvements located thereon, as described in the declaration, and for which fee simple ownership and exclusive use is reserved to that apartment only. Private elements shall exist only where each apartment in the project has a ground floor and there are no apartments located above or below the private element except the one (1) apartment located thereon. Limited common elements located upon private elements shall be deemed to be private elements.

Tenn. Code Ann. § 66-27-102(12).

9. The nine detached units are condominiums;

10. The nine detached units cannot be construed as private elements.

The trial court ordered Pulte Homes to record with the Wilson County Register of Deeds its agreement with the Association whereby Phase III was made a part of Beacon Hill Village Condominiums and declared the following:

3. Phase III of Beacon Hill Village shall be and hereby is declared to be part of the Beacon Hill Village condominium project and the Beacon Hill Condominium Association, Inc.;

4. The nine detached units shall be and hereby are declared and deemed to be condominiums located within the Beacon Hill Village condominiums project; [and]

5. The nine detached units and their building envelopes shall be and hereby are declared and deemed to not be private elements[.] . . .

The plaintiff class filed a motion to alter or amend the judgment in which they argued, in part:

Finally, if the effect of the Judgment is that the nine detached unit owners do not own their building envelopes, the question must be answered by the Court as to who or what entity owns them. The Judgment specifically recites that Pulte Homes shall quitclaim any interest it may have to any property located in the Beacon Hill Village Condominiums project to the Beacon Hill Village Condominium Association, Inc. Consequently, Pulte Homes can quitclaim whatever interest it has but it no longer owns any of the envelopes, having deeded them away, either improved or unimproved. The most obvious case in point is that of underlined unimproved Unit 3 that was conveyed to Howard W. Lipman on July 28, 2000, and conveyed by Howard W. Lipman to James M. Robinson and wife, Martha P. Robinson, on June 16, 2005.

Also, if the effect of the Judgment is to deny ownership of the building envelopes by the nine detached unit owners and transfer ownership of the building envelopes to the Association as common elements, that is a taking of real property with an estimated extrinsic and intrinsic value of over Two Million ($2,000,000.00) Dollars for public use without just compensation. Consequently, the Judgment of the Court would violate Amendment 5 of the U.S. Constitution and Article I, Section 21, of the Constitution of Tennessee.

The trial court denied the plaintiffs' motion to alter or amend, and the plaintiffs did not appeal the trial court's judgment.

## This Action

On February 1, 2013, more than four years following the *Stillwell* decision, the Robinsons filed the instant lawsuit as a class action on behalf of themselves and all other Phase III owners. The Robinsons named Pulte Homes as the sole defendant and asserted that it was liable for breach of warranty of title. The Robinsons alleged that the *Stillwell* judgment resulted in their "eviction" from fee simple ownership of their property, Lot 3. As relief, the Robinsons requested damages "for the economic property loss resulting from Phase III Owners not having fee simple ownership of their individual parcel of land within BHV-Phase III."

Pulte Homes filed an answer followed by a motion for judgment on the pleadings. The record does not reflect whether the trial court issued a ruling on this motion. The Robinsons moved for class certification, which the trial court denied. The Robinsons then filed a motion for partial summary judgment in which they asked the court to rule that the ownership interest they acquired in their deed was "a fee simple ownership interest in Lot 3." Pulte Homes opposed the Robinsons' motion and filed its own motion for summary judgment. Pulte Homes argued that the Robinsons' complaint was barred by res judicata, collateral estoppel, estoppel by deed, the statute of limitations, and laches.

The trial court granted Pulte Homes' motion by written order on April 25, 2016. The court wrote, in pertinent part:

1. Plaintiffs' claims in this action are barred under the doctrine of res judicata by virtue of the final judgment entered by this Court on December 9, 2009 in *Stillwell v. Beacon Hill Condominium Association, Inc. et al.*, Circuit Court for Wilson County, Tennessee, Case No. 15118 ("*Stillwell* Judgment"). The Court finds and concludes that (a) the *Stillwell* Judgment was rendered by a court of competent jurisdiction; (b) this action involves the same parties or privies as the *Stillwell* case; (c) this action and the *Stillwell* action involve the same cause of action; and (d) the *Stillwell* Judgment was final and on the merits.

2. Plaintiffs' claims in this action are barred under the doctrine of collateral estoppel by virtue of the legal issues that were litigated and decided by this Court in the *Stillwell* Judgment. Specifically, this Court declared in the *Stillwell* Judgment that the units within Phase III of the Beacon Hill Village Condominium project, including the nine detached units, were and had always been condominium units dating back to the "Agreement for Inclusion of Phase III Condominiums under the Master Deed for Beacon

- 6 -

Hill Village Condominiums, a Tennessee Horizontal Property Regime" ("Phase III Agreement"), executed and entered into by and between Defendant and Beacon Hill Village Condominium Association, Inc. on February 17, 1999, which incorporated Phase III of Beacon Hill Village under the Master Deed. Therefore, Plaintiffs' assertion in support of their sole cause of action for breach of the covenant of warranty of title that Defendant's July 28, 2000 warranty deed to Howard Lipman conveyed a fee simple estate in the Unit 3 land and building, not a condominium unit, is erroneous. Defendant conveyed a condominium unit to Howard Lipman, which he then conveyed to Plaintiffs. Thus, neither Mr. Lipman nor Plaintiffs ever owned a fee simple estate in the land or building, but rather only a condominium unit. Accordingly, Plaintiffs were not evicted from any interest or title in any land or building, and their claim for breach of the covenant of warranty of title fails as a matter of law.

3. Plaintiffs' claims are barred under the doctrine of estoppel by deed by virtue of Defendant's July 28, 2000 warranty deed conveying the subject detached condominium unit (i.e., Unit 3 of Phase III of Beacon Hill Village Condominium) to Howard Lipman. As stated above, this Court declared in the *Stillwell* Judgment that the units within Phase III of the Beacon Hill Village Condominium, including the nine detached units, were and had always been condominium units dating back to the Phase III Agreement, which incorporated Phase III under the Master Deed. Defendant's warranty deed to Howard Lipman conveyed a condominium "Unit," defined under the Master Deed as "the fee simple estate within a Building," which Mr. Lipman subsequently conveyed to Plaintiffs. As privies of Howard Lipman, Plaintiffs are estopped from asserting that Defendant's warranty deed to Mr. Lipman did not convey a condominium "Unit." Thus, Plaintiffs were not evicted from any interest in any land or building, and their claim for breach of the covenant of warranty of title fails as a matter of law.

4. Plaintiffs purchased Unit 3 of Beacon Hill Village Condominium subject to the terms of the Phase III Agreement, which incorporated Phase III of Beacon Hill Village (including Unit 3) under the Master Deed, despite the fact that the Phase III Agreement was not recorded in the Wilson County Register of Deeds' Office at the time Plaintiffs closed on Unit 3 in June 2005. It is undisputed that Plaintiffs had actual notice and knowledge of the unrecorded Phase III Agreement and the recorded Master Deed prior to closing on Unit 3, and, therefore, under Tennessee law, those instruments were valid and effective as to Plaintiffs. Thus, Plaintiffs purchased a condominium "Unit" subject to the Master Deed, not a fee simple estate in the land and building, which means that they were never evicted from any interest or title in any land or building by virtue of the *Stillwell* Judgment,

and their claim for breach of the covenant of warranty of title fails as a matter of law.

5. The undisputed material facts show that Plaintiffs knew prior to closing on their purchase of Unit 3 in June 2005 that Unit 3 was a condominium unit within Phase III of Beacon Hill Village Condominium subject to the Master Deed. Thus, Plaintiffs purchased a condominium "Unit" subject to the Master Deed, not a fee simple estate in the land and building, which means that they were never evicted from any interest or title in any land or building, and their claim for breach of the covenant of warranty of title fails as a matter of law.

6. Plaintiffs' claim for breach of the covenant of warranty of title is barred by the applicable six (6) year statute of limitations.

7. Plaintiffs' claim for breach of the covenant of warranty of title is also barred under the doctrine of laches because Plaintiffs delayed unreasonably in bringing their claim in this action.

The Robinsons appeal the trial court's decision granting Pulte Homes summary judgment. They contest each ground on which the trial court based its ruling. In addition, the Robinsons argue the trial court erred in ruling that the Phase III Agreement barred their claim and in denying their request for class certification.

## II. ANALYSIS

We review a trial court's ruling on a motion for summary judgment de novo, with no presumption of correctness afforded to the trial court's decision. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000). "[S]ummary judgment is not a disfavored procedural shortcut but rather an important vehicle for concluding cases that can and should be resolved on legal issues alone." *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. "'When the issues presented do not justify the time and expense of a trial, summary judgment is the proper 'vehicle' allowing courts to dispose of the case.'" *Urban v. Nichols*, No. E2014-00907-COA-R3-CV, 2015 WL 5178431, at *2 (Tenn. Ct. App. Sept. 4, 2015) (quoting *Messer Griesheim Indus. v. Cryotech of Kingsport, Inc.*, 45 S.W.3d 588, 608 (Tenn. Ct. App. 2001)).

A.  Res Judicata

Res judicata, also known as claim preclusion, is a doctrine that "bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated" in the earlier lawsuit.  *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009).  Res judicata is a "'rule of rest.'" *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (quoting *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976)).  The main purposes of the doctrine are to "promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Creech*, 281 S.W.3d at 376 (citing *Sweatt v. Tenn. Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002)).  Whether the trial court erred when it determined that the Robinsons' claim was barred by the doctrine of res judicata is a question of law that we review de novo, affording the trial court's decision no presumption of correctness.  *See In re Estate of Goza*, 397 S.W.3d 564, 566 (Tenn. Ct. App. 2012) (citing *Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008)).

As the party asserting res judicata, Pulte Homes must prove "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Jackson*, 387 S.W.3d at 491 (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)).  The Robinsons concede the first, second, and fourth factors.  They contest only the third factor, arguing that the claim they assert in the instant case did not arise until after the *Stillwell* judgment was issued.  In their brief, the Robinsons wrote: "The *Stillwell* Judgment dispossessed Appellants-Plaintiffs of title and ownership of Lot 3 and the personal residence which Appellants-Plaintiffs had constructed on Lot 3, leaving Appellants-Plaintiffs with ownership of only a 'Unit.'"  The Robinsons also contend that because the plaintiffs in the *Stillwell* case sought a declaratory judgment to determine their status within the Beacon Hill Village complex, they were unable to litigate whether they were fee simple owners of their lots.  We disagree.

As the Court of Appeals explained in *Davidson v. Bredesen*, 330 S.W.3d 876 (Tenn. Ct. App. 2009), "*res judicata* applies not only to issues that were raised and adjudicated in the prior lawsuit, but to 'all claims and issues which were relevant and which could reasonably have been litigated in a prior action.'" *Davidson*, 330 S.W.3d at 884-85 (quoting *Am. Nat'l Bank & Trust Co. of Chattanooga v. Clark*, 586 S.W.2d 825, 826 (Tenn. 1979)).  It matters not whether the plaintiffs in the earlier action sought a declaratory judgment or some other type of relief.  *See In re Estate of Goza*, 397 S.W.3d at 567.  When a party fails to raise an issue or theory of recovery in an earlier action, that party is not permitted to "preserve" the issue or theory and then raise it in a subsequent action.  *Davidson*, 330 S.W.3d at 885 (citing *Barnett v. Milan Seating Sys.*, 215 S.W.3d 828, 835 (Tenn. 2007)).  "Claim preclusion prohibits parties from splitting their cause of

action; it requires parties 'to raise in a single lawsuit all the grounds for recovery arising from a single transaction or series of transactions that can be brought together.'" *Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 397 (Tenn. Ct. App. 2009) (quoting *In re Order to Encapsulate Native American Indian Gravesites in Concrete and Pave Over with Asphalt*, 250 S.W.3d 873, 882 (Tenn. Ct. App. 2007)).

Tennessee applies the "transactional" approach, as described in the Restatement (Second) of Judgments, to determine whether an earlier judgment and a pending lawsuit involve the same cause of action for purposes of applying the doctrine of res judicata. *Creech*, 281 S.W.3d at 380-81. The Restatement articulates this standard thusly:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

RESTATEMENT (SECOND) OF JUDGMENTS § 24(1). Comment b to the Restatement explains that the term "transaction" refers to "a natural grouping or common nucleus of operative facts." This standard allows a plaintiff's allegations set forth in a complaint to be mutually inconsistent and to change over the course of the litigation. RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) cmt. a. "[P]arties who are given the capacity to present their 'entire controversies' shall in fact do so." *Id.* The fact that the Robinsons were members of the plaintiff class in *Stillwell* does not affect the application of the res judicata doctrine to subsequent cases involving the same transaction and parties. *See Davidson*, 330 S.W.3d at 887; *Griffin v. Crompton Corp.*, No. W2008-02669-COA-R3-CV, 2009 WL 4789230, at *3-4 (Tenn. Ct. App. Dec. 14, 2009); *see also Rosiles-Perez v. Superior Forestry Serv., Inc.*, 250 F.R.D. 332, 336-37 (M.D. Tenn. 2008) ("Any judgment in [a class action] operates a[s] res judicata against the claims of any other class member.") (citing *Duncan v. State of Tenn.*, 84 F.R.D. 21, 27 (M.D. Tenn. 1979)).

The trial court judge who issued the *Stillwell* judgment was the same judge who issued the decision in this case. At the hearing on the parties' summary judgment motions in this case, the trial court judge stated the following from the bench:

> By this Court's order of December the 9th, 2009 [the *Stillwell* judgment], the nine detached units, of which the Plaintiffs in this case owned one, were declared to be condominiums. I did so.
>
> . . . .
>
> I find that the Plaintiffs' claims in this case were, essentially, in the *Stillwell* case; therefore, these were the same privies or parties.

- 10 -

I further find that this was the same or essentially the same cause of action as the one which was contested some seven years ago now when one employs, as the case law requires me to do so, the transactional test.

The Robinsons do not dispute that the trial court declared in the *Stillwell* case that their property was properly classified as a condominium and that they did not have a fee simple interest in Unit 3. The Robinsons' current claim that they have been evicted from fee simple ownership and that Pulte Homes is liable to them for breach of warranty of title clearly arises from the same transaction as that which formed the basis for the claims raised in the *Stillwell* case. The causes of action in both cases were based on the Master Deed, the Phase III Agreement, and, insofar as the Robinsons are concerned, the warranty deed from Pulte Homes to Howard Lipman. Instead of instituting the instant action, the class plaintiffs in *Stillwell* should have anticipated the trial court's ruling that their detached units were properly classified as condominiums and made an alternative claim for breach of warranty of title in the *Stillwell* complaint. As Pulte Homes points out, the class plaintiffs in *Stillwell* made an argument in their motion to alter or amend that is similar to their claim for breach of the warranty of title. They argued that "if the effect of the Judgment is to deny ownership of the building envelopes by the nine detached unit owners . . ., that is a taking of real property . . . for public use without just compensation." The trial court denied their post-trial motion, and the plaintiffs are barred from relitigating what is essentially the same claim again in the hopes of convincing the court to reach a different result this time.

The case *Penn-America Insurance Co. v. Crittenden*, 984 S.W.2d 231 (Tenn. Ct. App. 1998), is instructive. In that case, the plaintiff insurance company ("Penn-America") filed a complaint against its insureds in federal district court following a fire at the insured's premises. *Penn-America Ins. Co.*, 984 S.W.2d at 232. Penn-America requested a declaratory judgment that it was not responsible for its insureds' loss because the fire was deliberately set and the insureds failed to comply with the policy requirement of maintaining smoke detectors. *Id.* The mortgagor bank was a party to the lawsuit, and the bank filed a motion for summary judgment against Penn-America, claiming that it was entitled to recover its mortgage interest that was covered by the insureds' policy with Penn-America. *Id.* After the trial court granted the bank's motion and Penn-America's request for declaratory relief, Penn-America filed a motion seeking a declaration of its subrogation interest and its right to recover from the insureds the post-loss mortgage payments it made to the bank pursuant to a provision in its policy with the insureds. *Id.*

The trial court denied Penn-America's post-judgment motion and Penn-America appealed the judgment to the Court of Appeals for the Sixth Circuit. *Id.* The Sixth Circuit affirmed the trial court's denial of Penn-America's post-judgment motion because Penn-America did not raise its claim for subrogation until after the trial. *Id.* The Sixth Circuit found that the trial court did not act unfairly by refusing Penn-America's attempt "to recover what it had not sought" at trial. *Id.*

- 11 -

Penn-America then filed a complaint in state court in another attempt to be subrogated to the bank's interest against its insureds. *Id.* at 231-32. The trial court dismissed Penn-America's complaint on res judicata grounds, and Penn-America appealed the dismissal to the Court of Appeals. *Id.* at 232. As the Robinsons argue here, Penn-America argued that its subrogation cause of action did not arise until after it paid the bank's claim and that it could not procedurally have made a claim for subrogation in the earlier lawsuit. *Id.*

This Court affirmed the trial court's judgment that Penn-America's subrogation claim was barred by res judicata. *Id.* at 232-33. Explaining that res judicata '"operates as a bar to all claims that were actually litigated or could have been litigated in the first suit between the same parties,"' this Court ruled that Penn-America could have litigated its subrogation claim in the federal district court if Penn-America had raised it in a timely manner. *Id.* at 232 (quoting *Am. Nat'l Bank & Trust Co.*, 586 S.W.2d at 826).[3]

Based on the opinion in *Penn-America Insurance Co.* and the law of res judicata in Tennessee, we conclude that the Robinsons' claim for breach of warranty of title could have and should have been included as part of the complaint in the *Stillwell* action. Failure to do so precludes the Robinsons from raising the claim in a separate action. As the Court of Appeals wrote in *Penn-America Insurance Co.*, "a complainant may state a claim against a defendant before the defendant's contingent liability has become

---

[3]The *Penn-America* Court cited Federal Rule of Civil Procedure 18 as support for its conclusion that the subrogation claim could have been joined with the other claims in the federal district court. *Penn-America Ins. Co.*, 984 S.W.2d at 233. We find that Tenn. Rs. Civ. P. 18.01 and 18.02 also support the holding in *Penn-America* and apply to this case. Tennessee Rule of Civil Procedure 18.01 provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, in contract or tort, as the party has against an opposing party.

Tennessee Rule of Civil Procedure 18.02 provides:

> Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a fraudulent conveyance as to the plaintiff, without first having obtained a judgment establishing the claim for money. The plaintiff may state a claim for money and a claim to discover and subject to the satisfaction of the claim for money, the property of the defendant which cannot be reached by execution, without first having obtained a judgment establishing the claim for money.

TENN. R. CIV. P. 18.02.

- 12 -

absolute." *Id.* at 233. We affirm the trial court's award of summary judgment to Pulte Homes on the ground of res judicata.

### B. Estoppel by Deed

Estoppel by deed is an affirmative defense that "'precludes one party to a deed and his [or her] privies from asserting as against the other party and his [or her] privies any right or title in derogation of the deed, or from denying the truth of any material facts asserted in it.'" *Bilbrey v. Smithers*, 937 S.W.2d 803, 808 (Tenn. 1996) (quoting *Denny v. Wilson Cnty.*, 281 S.W.2d 671, 674 (Tenn. 1955)); *see also Blevins v. Johnson Cnty.*, 746 S.W.2d 678, 684 (Tenn. 1988). As described above, Pulte Homes transferred the following interest by warranty deed to Mr. Lipman:

> LAND in Wilson County, Tennessee, being UNIT No. 3, on the plan of Beacon Hill Village, Phase 3, according to the Master Deed of record . . .
> BEING a portion of the property conveyed to Pulte Homes Tennessee Limited Partnership . . . .

The Master Deed defines "Unit" as "the fee simple estate within a Building." "Whatever effect that a recital in a deed in a chain of title would have had on the parties to that deed, it has on the subsequent purchasers as well." *Blevins*, 746 S.W.2d at 684. The Robinsons are the privies of Mr. Lipman, and "'[t]he privies of a grantor or grantee are estopped to the same extent as the original parties to the deed.'" *Bilbrey*, 937 S.W.2d at 809 (quoting *Spicer v. Kimes*, 156 S.W.2d 334, 337 (Tenn. Ct. App. 1941)).

As the trial court found, the agreement between Pulte Homes and the Condominium Association in February 1999 incorporated Phase III of Beacon Hill Village under the Master Deed. Pulte Homes transferred a condominium unit to Mr. Lipman, and Mr. Lipman transferred that same condominium unit to the Robinsons. The language of the warranty deed from Pulte Homes to Mr. Lipman makes clear that Mr. Lipman never owned a fee simple estate interest in the land and/or building located on Lot 3, as the Robinsons contend. As a result, the Robinsons' claim that they were evicted from a fee simple interest in Lot 3 and their claim for breach of the covenant of warranty of title cannot be sustained as a matter of law.

Concluding that the Robinsons' lawsuit is barred by res judicata and that their claim is barred by estoppel by deed, we find the other issues the Robinsons raise on appeal are pretermitted and need not be addressed.

### III. Conclusion

The judgment of the trial court is affirmed as set forth in this opinion. The costs of this appeal shall be taxed to the appellants, James M. Robinson and Martha P. Robinson, for which execution shall issue if necessary.

_____
ANDY D. BENNETT, JUDGE